9027

INTERSTATE CHEMICAL CORPORATION v. FARMINGTON
CORPORATION ET AL.

(84 S. E. 710.)

PLEADINGS. SHAM. JUDGMENT AFTER STRIKING OUT ANSWER.

1. PLEADINGS—SHAM.—An answer admitting the contract alleged in
the complaint, and alleging a subsequent agreement to extend time
for payment, upon the defendant making a partial payment in cash
and giving notes secured by a mortgage of real estate for the bal-
ance, and that the performance of the latter agreement was delayed
on account of the illness of defendant's officer, and that defendant
intended to carry out the agreement in good faith; held, properly
stricken out as sham, where the Court found that defendant never
intended to perform the agreement upon which the promised exten-
sion was based, and such defense was untrue.

2. JUDGMENT—DEFAULT.—Where an answer has been stricken out as
sham, and the cause in Court, it may render judgment thereon, as in
case of default, or for want of a plea.

3. BILLS AND NOTES—SHAM ANSWER—WHAT IS.—An answer in an action
brought in the spring of 1914 on notes due in November and Decem-
ber, 1913, which admits the execution of the notes, and that no part
thereof has been paid, and which alleges that after the maturity of
the note plaintiff agreed to extend the time of payment to November
and December, 1914, by acceptance of a partial payment in cash, and
that the agreement was not carried out, is sham, where the trial
occurred after the time extended for payment as alleged in the
answer.

Before MOORE, J., Winnsboro, June, 1914.    Affirmed.

Action by Interstate Chemical Company against Farm-
ington Corporation, H. B. Heath and W. C. Heath. From
judgment for plaintiff, the Farmington Corporation and
W. C. Heath appeal. The facts are stated in the opinion.

*Messrs. McDonald & McDonald,* for appellant, submit:
*To be sham a pleading must be false:* 20 Enc. Pl. & Pr.
13; 31 Cyc. 623, 624, 628; 97 S. C. 389; 44 S. C. 143;
69 S. C. 559; 97 S. C. 389. *Defendant should have been
allowed to plead over:* Code Civil Proc. 306, 202 and 223.

*Messrs. Nathans & Sinkler* and *McCants & McCants,* for respondents.

March 13, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal from an order of the Circuit Court, whereby the answer was stricken out as sham, and judgment was awarded the plaintiff against the defendant for $3,596.10. There are four exceptions, but there are only two issues: (1) was the answer sham, and (2) if it was, ought the Court to have given judgment for the sum sued for. The appellant does not contend that the sham character of the answer may not be shown by evidence.

The plaintiff sued in the spring of 1914 on five notes aggregating $3,287.20, dated in May and June, 1913, and all due in November and December, 1913.

The defendant answered and admitted the execution of the notes, "and that no part thereof has been paid."

But the defendant plead further, that after the notes fell due, and some time in February, 1914, the plaintiff agreed with defendant to indulge defendant (1) by the acceptance of $1,500.00 in cash, and (2) notes for the balance, payable in November and December, 1914, (3) which notes were to be secured by a mortgage of real estate." The defendant alleged that the above agreement was not carried out on account of the illness of defendant's president, and that as soon as the president was able to transact business the defendant would carry out the agreement in good faith.

The Circuit Court concluded that the defense so plead was not true, or in the words of the Code of Civil Procedure, was sham. And we concur with the Court.

That which persons aforetime intended to do may be judged of by that which they in aftertime actually did do.

These are the circumstances from which a sham purpose may and must be inferred.

The defendant at the trial in this Court, 25 January, 1915, yet owed the plaintiff the money sued for, although the defendant was then in moral and legal *duty* bound to pay it.

The defendant's unvarnished plea is this: We will not pay you in January, 1915, the debt we owe, because we were promised until December, 1914, in which to pay.

The defendant had, in January, 1914, remitted to plaintiff a check for $1,500.00, the cash payment that was promised; but the check was sham, although W. C. Heath, the president and the drawer, has attempted some explanation of its nonpayment.

The defendant could have paid the $1,500.00, notwithstanding the president's disability to execute the notes and mortgage.

The president was present in the Circuit Court at Winnsboro in June, 1914, unmindful of his duty to pay *then,* and contending in effect for further time in which to pay.

The conclusion is certain, that if the defendant ever got the extension he claims to have gotten from the plaintiff, he never intended to perform it. If the pleading and proof left any reasonable inference to the contrary, we should not adjudge the answer sham.

The second issue to be decided is, ought the Court, 2 after adjudging the answer to be sham, to have given judgment against the defendant.

The appellant's argument is that it is provided at section 306 of the Code of Civil Procedure that upon an answer being held frivolous, "judgment thereon" may be given; that no such provision is incorporated in section 202, wherein sham answers may be stricken out; that, therefore, no power to give judgment follows expressly, or by implication, the power to strike out as sham.

Plainly section 306 does not expressly authorize a judgment for the debt sued on; but only "judgment thereon," that is to the effect that the demurrer, answer or reply is frivolous. That is so by the words of the section; and further because such order (called judgment) is allowable "in or out of Court."

It has been held that the order for judgment on the debt is only allowable in open Court. *Badham* v. *Brabham,* 54 S. C. 404, 32 S. E. 440.

Therefore, neither of sections of the Code now under review expressly warrant the giving of a judgment for the debt sued upon.

Section 202 is that under which the plaintiff moved in the instant case, and its terms must govern.

That section warrants the Court to strike out a defense or an answer as sham. That accomplished, what may the Court further do? It may impose terms, in its discretion. The Court might, upon a satisfaction showing by the defendant, allow another answer to be made.

But the defendant has not asked that; it stands upon that already made. The plantiff then is in open Court on an admitted debt; no valid showing has been made why judgment for the debt should not be given; he is in the same situation as if no answer had been made; he is in better situation, for the defendant has admitted that the debt is due and unpaid.

We have been cited to no authority, by case or by text, to govern a predicament like this.

Even before the adoption of the Code the Courts looked with disfavor on sham pleadings. At the common law a party might move upon affidavits to strike out a sham answer, and in the event the motion was granted, then for judgment, as for the want of a plea. Stephens on Pleadings 494.

Judgment, therefore, in the case at bar was allowable upon the very necessity of the case; there was nothing else to do.

The judgment of the Court below is, therefore, affirmed.