9107

BANK OF JOHNSTON v. FRIPP *ET AL.*

(85 S. E. 1070.)

PLEADING. SHAM ANSWER. BILLS AND NOTES.

A denial of information sufficient to form a belief as to the truth of the allegation that the payee of a past due promissory note is the owner thereof, *held,* properly stricken from all answers by the makers, in an action thereon, as a sham defense; where the admitted correspondence between the parties shows the makers had full information after the maturity of the note that the payee held same, and purposed to enforce its payment.

Before DEVORE, J., Edgefield, August, 1914. Affirmed.

The Bank of Johnston, plaintiff-respondent, against W. C. Fripp, William Weston and E. C. L. Adams, defendants-appellants, and J. H. White, defendant.

Action by payee of a promissory note against the makers of a past due promissory note. From an order striking out certain allegations of an answer as sham and giving judgment against them, the defendants appeal. The fourth paragraph of the complaint was as follows:

The other facts are stated in the order of the Circuit Judge, substantially as follows:

The matter herein comes up before me upon two notices of motion:

1st. To strike out each and all of the allegations and statements made by and contained in the joint and several answer of the defendant, W. C. Fripp, Wm. Weston and E. C. L. Adams, to the complaint herein,—which said statements and allegations occur in, and are embraced within, paragraphs two, three, four and five of said answer.

2d. To strike out each and all of the provisions of paragraph one of the said joint and several answer of the said defendants, W. C. Fripp, Wm. Weston and E. C. L. Adams, which occur after the word "complaint" in the first line of said paragraph number one, to wit: "With the exception of paragraph four; that as to paragraph four, they deny information sufficient to form a belief, and for that reason deny the same."

The plaintiff gives notice that it will move to strike out the said portion of said paragraph one of said answer as sham; and constituting no reason why the demand of the plaintiff against said defendants should not be granted.

Upon hearing argument for and against said motions, I am of the opinion that the motion made to strike out from the answer of the defendants, W. C. Fripp, Wm. Weston and E. C. L. Adams, to the complaint each and all of the statements and allegations which are embraced within paragraphs two, three, four and five of said answer should be granted.

Section 202 of the Code of Civil Procedure provides that:

"Sham and irrelevant answers and defenses may be, stricken out on motion, and upon such terms as the Court may, in its discretion, impose."

The question at once arises, what is a sham answer or defense? The rulings upon this question have been uniform, from the case of *Tharin* v. *Seabrook,* in 6 S. C., to the case of *Germofert Mfg. Co.* v. *Castles,* 97 S. C. 389, 81 S. E. 665.

In the case of *Tharin* v. *Seabrook,* the Court says:

"The objection to sham defenses ordinarily presents a question of fact for the Court, to be determined on affidavit, or in such manner as the Court may direct. If the pleading is manifestly false, and interposed to delay or defeat the plaintiff's action, the Court will strike it out." This power should "be sparingly used, and only in cases free from doubt." We will see, then, if this case falls within the rule thus stated, and uniformly followed ever since.

In section 210 of the Code it is provided that:

"Every material allegation of the complaint, not controverted by the answer, as prescribed in section 199, * * * shall, for the purposes of the action, be taken as true."

Let us see what section 199 prescribes.

Section 199 provides that the answer of the defendant must contain:

"First. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

"Second. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

In my judgment, the answer of the defendants involved in this motion does not conform to the requirements of the above section, so far as it relates to the allegation of paragraph four (4) of the complaint; and if my judgment as to

this is correct, the allegation of paragraph four (4), for the purposes of this action, must be taken as true.

It will be observed in their answer that the defendants admit each and all of the allegations of the complaint with the exception of paragraph four (4). The defendants do not deny in direct terms the allegations of paragraph four (4), nor do the defendants deny that they have "knowledge" thereof, "but they deny information sufficient to form a belief," and for "that reason deny the same."

In the discussion of identically the same paragraph of the New York Code, the author of Moak's Van Santvoord's Pleadings, third edition, at page 538, says:

"It is not enough to deny that the defendant has not sufficient knowledge on the subject to form a belief without referring to his information; nor would it be enough to say that he has not sufficient information to form a belief without referring to his knowledge; there must be an absence of both knowledge and information sufficient to form a belief to enable the defendant to use this mode of denial."

In my judgment the answer of the defendants is not a sufficient denial of the allegations of paragraph four (4) of the complaint; and, therefore, the allegations of paragraph four (4) should be taken as true.

If the allegations of paragraph four (4) are not to be taken as true for the reasons above stated, I do not hesitate to hold that the allegation of paragraph one (1) of the answer in question, denying information sufficient to form a belief of the truth of the allegations of paragraph four (4) of the complaint, is untrue manifestly, and was interposed with the purpose of delaying the plaintiff in the assertion of its right. That this allegation of the answer is untrue, and obviously evasive of the issue presented by the allegations of paragraph four (4), is clearly manifested by the record of the transaction which resulted in the execution of the note sued on by the defendants. The note was given on the 22d of November, 1913, and matured on December

15, 1913. The note thus given was the sixth consecutive renewal of a note given by the defendants to the plaintiff bank on the 2d day of January, 1911.

It would appear by the correspondence between the plaintiff and the defendant, W. C. Fripp—to which correspondence reference is made in the notice of the motion herein, that on the 31st day of October, 1913, the cashier of the plaintiff bank wrote to the defendants and notified them that the note should be paid at maturity. The defendants, W. C. Fripp and J. H. White, wrote in answer to said letter on the 14th of November, 1913, among other things, as follows, to wit:

"Now we would very kindly appreciate having your consent to renew this note, as we confess it would be embarrassing to us just at this time to have to take it up, as our obligations are very heavy, and the company is not sufficiently organized and its affairs well enough under way to warrant their paying it. We, therefore, urgently request that you extend to us the courtesy of renewing this paper for, say, four to six months—preferably the latter time."

The plaintiff declined to consent to renew The defendants continued to urge renewal, and on the 22d day of December, 1913, the defendant, W. C. Fripp, wrote to the bank and, among other things, said:

"Do not understand me as taking the position that there is no obligation upon William Weston, E. C. L. Adams or myself to pay this note, as I, of course, realize that we are all equally liable to the bank, but our purpose is to compel the person who rightfully owes this money to pay it."

There is a practical avowal of the purpose of the defendants to do whatever they might be able to accomplish to force the plaintiff to exhaust the defendant, White, before demanding payment of them. The correspondence seeking to accomplish a renewal of the note went on, until finally, to wit, on the 27th day of February, 1914, the cashier of the plaintiff bank wrote a letter—addressed to each of the

defendants in this case—and thereby informed them "that unless this note is paid in full by March 4th, next, we shall forward to our attorneys for collection."

The cashier took the pains to forward said letter to each of the defendants by registered mail, and in due course of mail, the cashier obtained the accustomed acknowledgment of the receipt of said letter by each of the defendants.

Promptly after the expiration of the time limited by said letter, defendants having failed to pay the note as demanded, the bank sent the note for collection to its attorneys; and so diligently did the attorneys act that the complaint was served by the sheriff of Richland on the defendants, Adams and Weston, on the 13th of March, and would have been served on the defendant, Fripp, on the same day but for his absence from the city. The complaint was served on the defendant, Fripp, on the 30th day of March. Thus the proof is positive that the defendants knew that the plaintiff was the owner of the note up to the 4th day of March; and they knew that thereafter suit would be brought upon it in its own name.

The defendants should have known (if in point of fact they did not know) that after the maturity of the note in question it was a dishonored paper and was nonnegotiable. The defendants knew, or should have known, that after the maturity of the note the plaintiff could not dispose of it in the open market; that no banker or broker would purchase the note from the plaintiff without first taking the pains to inquire of the defendants—the makers of the note—whether or not it was still a subsisting and valid liability. This record of the transaction between the plaintiff and the defendants clearly manifests a full appreciation on the part of the defendants of the final conclusion of the plaintiff to demand payment of this note; and furnished to the defendants full information of its purpose, in its own name and behalf, to enforce its payment. Therefore, I do not hesitate to conclude, that the denial by these defendants of informa-

tion sufficient to enable them to form a belief of the truth of the allegations of paragraph four (4) of the complaint is *sham.*

Wherefore, it is ordered and adjudged that the allegations of paragraph one (1) of the answer of W. C. Fripp, William Weston, and E. C. L. Adams, saying "that as to paragraph fourth they deny information sufficient to form a belief, and for that reason deny the same," be, and the same is hereby, stricken out. It is further ordered that leave is granted to the plaintiff to have this cause docketed on calendar No. 3, and to apply for judgment by default."

The said order was duly filed, the cause transferred to calendar 3 and judgment by default duly entered up against the defendants.

The defendants, Fripp, Adams and Weston, appealed upon the following exceptions:

1. Because his Honor, the presiding Judge, erred in holding that the allegations of defendant's answer, to wit: "That as to paragraph fourth, they deny information sufficient to form a belief, and for that reason deny the same," does not conform to the requirements of law, and that consequently paragraph four (4) should be taken as true, for the reason that there is no denial of "knowledge" as to the allegations of paragraph four (4) of the complaint; the error being that the language of the answer just quoted, coupled with the denial of the truth of paragraph four (4) of the complaint, is sufficient to raise the issue as to the ownership of the note on which these defendants were entitled to a jury trial.

2. Because his Honor erred in holding that the allegation of paragraph one (1) of the answer denying information sufficient to form a belief as to paragraph four (4) of the complaint, and for that reason denying the same is manifestly untrue and sham and was interposed for the purpose of delaying the plaintiff in the assertion of its right; the

error being that the evidence before the Court does not warrant such a conclusion and should not have been considered in view of the fact that the said allegation of the answer, coupled with the denial of the truth of paragraph four (4) of the complaint, was sufficient to raise an issue as to the legal ownership of note in question on which defendants were entitled to a jury trial.

3. Because his Honor erred in ordering that the allegations of paragraph one (1) of the answer of W. C. Fripp, William Weston and E. C. L. Adams, "that as to paragraph fourth, they deny information sufficient to form a belief, and for that reason deny the same," be, and the same is hereby, stricken out, and further ordering that leave is granted to the plaintiff to docket this cause on calendar 3 and to apply for judgment by default, and in allowing judgment to be taken by default on the note sued on; the error being that the allegation of the answer just quoted raises an issue as to the legal ownership of the note, on which the defendants named were entitled to a jury trial.

*Messrs. Weston & Aycock,* for appellants, Fripp and Weston, and *Mr. Frank G. Tompkins,* for appellant, Adams, cite: 43 S. C. 24.

*Messrs. Sheppard Bros.,* for respondent, submit: *Appeal involves questions of fact, and appellant must show the findings to have been against the weight of the evidence:* 88 S. C. 354; 91 S. C. 247; 94 S. C. 80; 96 S. C. 148. *Weight of evidence:* 2 Tillinghast & Sherman's Prac. 186-188, 189, 190; Moak's Van Santvoord's Pleadings, ch. 5, sec. 6: Vorhees' (N. Y.) Code 231, 234; Wait's (N. Y.) Code 273, 276 and 277, and cases cited in Circuit order.

May 17, 1915.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order striking out certain allegations of the answers on the ground that they were sham, and in allowing the plaintiff to apply for judgment by default.

The ruling of his Honor, the presiding Judge, is fully sustained by the cases of *Germofert Co.* v. *Castles,* 97 S. C. 398, 81 S. E. 665, and *Interstate Ch. Cor.* v. *Farmington Cor.,* 100 S. C. 196, 84 S. E. 710.

Appeal dismissed.