9526

GUARANTY TRUST CO. OF SOUTH CAROLINA v. KIBLER
ET AL.

(90 S. E. 159.)

1. PLEADING—ANSWER—WHEN "FRIVOLOUS."—An answer is frivolous when it is clearly insufficient on its face, does not controvert the material points of the complaint, and is presumably interposed for mere purposes of delay.

2. PLEADING—ANSWER—SUFFICIENCY—DENIAL OF KNOWLEDGE.—Where the complaint alleged that defendant indorsed and delivered before maturity particularly described notes to the plaintiff for value, an answer, alleging that defendant had not sufficient information and knowledge to form a belief as to the truth of the act charged was an insufficient denial and frivolous.

3. BILLS AND NOTES—PLEADING—ANSWER—MATTER IN AVOIDANCE.—Allegations in an answer, reciting as pretensive new matter trans-

actions and conversations between defendant and her husband, and what the husband told defendant the plaintiff bank told him, are *res inter alios acta* and do not implicate plaintiff.

Before Mauldin, J., Columbia, March, 1916.　Affirmed.

Action by the Guaranty Trust Company of South Carolina against R. Y. Kibler and others.　Judgment for plaintiff, and defendant, Pearle Kibler, appeals.

The following is the complaint:

The plaintiff above named, complaining of the defendants herein, alleges:

For a first cause of action:

(1) That the plaintiff is now, and was at the times hereinafter mentioned, a corporation duly chartered and organized under the laws of the State of South Carolina, and doing business in the city of Columbia, in said State.

(2) That the defendants, R. Y. Kibler, Pearle Kibler and F. C. Bigby, are now, and were at the times hereinafter mentioned, residents of the county of Richland, State of South Carolina.

(3) That on the 18th day of August, 1915, the defendant, R. Y. Kibler, made his promissory note in writing, whereby he agreed to pay to the order of the plaintiff $1,550 on November 5, 1915, for value received, in form as follows:

"$1,550.00　　　　Columbia, S. C., August 18, 1915.

"On November 5 days after date I promise to pay to the order of Guaranty Trust Co. of S. C., fifteen hundred & fifty and 00-100 dollars, value received.

"Payable at office of Guaranty Trust Company of South Carolina.　To be discounted at the rate of eight per cent. per annum, and if not paid at maturity to bear interest thereafter at the rate of eight per cent. per annum, and agree to pay all costs of collection, including 10 per cent. attorney's fees, if not paid when due.　R. Y. Kibler."

(4) That the defendants, Pearle Kibler and F. C. Bigby, thereafter and before maturity indorsed the said note and delivered it so indorsed to the plaintiff for value.

(5) That at maturity of said note it was duly presented for payment, but was not paid, of all which notice was given to the defendants, and that the cost of protesting, including the United States internal revenue stamp, was 75 cents.

(6) That no part of the said note has been paid, and there is now due thereon the sum of $1,550.00 with interest from the 5th day of November, 1915, at the rate of 8 per centum per annum, and 10 per centum thereon as attorney's fee, as provided for in said note and cost of protest aforesaid.

For a second cause of action:

(1) That the plaintiff is now, and was at the times hereinafter mentioned, a corporation duly chartered and organized under the laws of the State of South Carolina, and doing business in the city of Columbia, in said State.

(2) That the defendants, R. Y. Kibler, Pearle Kibler and F. C. Bigby, are now, and were at the times hereinafter mentioned, residents of the county of Richland, State of South Carolina.

(3) That on the 2d day of October, 1915, the defendant, R. Y. Kibler, made his promissory note in writing, whereby he agreed to pay to the order of the plaintiff $3,800.00 60 days after date, for value received, in form as follows:

"$3,800.　　　　　　Columbia, S. C., October 2, 1915.

"Sixty days after date I promise to pay to the order of Guaranty Trust Co. of S. C., thirty-eight hundred dollars, value received.

"Payable at office of Guaranty Trust Company of South Carolina, in Columbia, S. C. To be discounted at the rate of eight per cent. per annum, and if not paid at maturity to bear interest thereafter at the rate of eight per cent. per annum, and agree to pay all costs of collection, including 10 per cent. attorney's fees, if not paid when due. R. Y. Kibler."

(4) That the defendants, Pearle Kibler and F. C. Bigby, thereafter, and before maturity, indorsed the said note, and delivered it, so indorsed, to the plaintiff for value.

(5) That at maturity of said note it was duly presented for payment, but was not paid, of all which notice was given to the defendants, and that the cost of protesting, including the United States internal revenue stamp, was 75 cents.

(6) That no part of said note has been paid, and there is now due and owing thereon the sum of $3,800, with interest from the 1st day of December, 1915, at the rate of 8 per centum per annum, and 10 per centum upon the amount due as attorney's fee, as provided for in said note, and cost of protest aforesaid.

Wherefore, plaintiff demands judgment against the defendants for the sum of $5,350, with interest on $1,550 from November 5, 1915, at the rate of 8 per centum per annum, and with interest on $3,800, from December 1, 1915, at the rate of 8 per centum per annum, and 10 per centum upon the aggregate amount found to be due for attorney's fee, and for $1.50 cost of protest, and for the costs of this action.

The defendant, Pearle Kibler, served the following answer:

The defendant, Pearle Kibler, answering the complaint herein, says:

(1) That she has not sufficient information and knowledge to form a belief as to the truth of allegations 1, 3, 5 and 6 in the first and second causes of action in said complaint, and therefore denies the same and demands strict proof.

(2) Admits allegations No. 2, in the first and second causes of action of said complaint.

(3) That she has not sufficient information and knowledge to form a belief as to the truth of that part of allegations No. 4 in the first and second causes of action, which allege that she indorsed the specific notes described in the

complaint, and, therefore, denies the same, and further denies that she has ever delivered any notes indorsed by her to the plaintiff or received any consideration or value whatsoever from the plaintiff for any indorsement on notes made by the defendant, R. Y. Kibler.

(4) Further answering the said complaint, this defendant alleges: That in the spring of 1914 the defendant, R. Y. Kibler, explained to her that the collateral notes secured by certain mortgages which had been running for a year and renewed from time to time; that the plaintiff had expressed the probability of it using said two notes in the Regional Bank, and requested the defendant, R. Y. Kibler, to get some indorsers on same in order to make them presentable for said purpose; that, accordingly, this defendant indorsed said two notes, with the renewals thereof, with the understanding that the plaintiff held securities covering said notes, and that the indorsements were for the above stated purpose, and, therefore, denies any liability whatsoever to the plaintiff.

(5) As a further defense, this defendant alleges that the transaction between the plaintiff bank and the defendant, R. Y. Kibler was executed long before the undertaking of this defendant, and that this defendant's understanding was, therefore, a collateral one; that no credit or consideration whatsoever was extended by the plaintiff to the defendant, R. Y. Kibler, on the strength of this defendant's indorsement on said two notes, and said indorsements by this defendant was no part of the inducement to the creation of the original debt of the said R. Y. Kibler to the plaintiff, and this defendant denies any liability whatsoever in the premises.

Wherefore, this defendant demands judgment of dismissal, with costs.

*Messrs. Blackwell & Thomas,* for appellant, cite: *As sufficiency of denial:* 101 S. C. 188. *As to accommodation*

*endorser:* Clark Contracts 111; 2 Daniel Negotiable Instruments (5th ed.) 793; 68 S. C. 21; 8 Johns. 29; 5 Am. Dec. 317; 130 Pac. 144; 48 Iowa 550; 44 Barb. 601; 24 S. W. 541; 5 Tex. Civ. App. 268; 23 S. W. 1023; 90 S. W. 710; 10 Ill. App. 240; 51 Ind. 224; 18 Ala. 117; 96 Ala. 189; 11 South. 314; 145 S. W. 567; 12 Cal. 286; 80 Cal. 139; 22 Pac. 72; 15 Colo. App 461; 63 Pac. 121; 39 S. W. 39; 59 Me. 500; 33 Me. 201; 4 Pick (Mass.) 387, 16 Am. Dec. 347; 164 Mo. App. 164; 148 S. W. 190; 127 Mo. 327; 29 S. W. 1030; 48 Am. St. Rep. 629; 25 Mo. 66; 67 Mo. 661; 31 Neb. 165; 47 N. W. 848; 5 Humph (Tenn.) 19; 6 Yerg. (Tenn.) 418; 11 Vt. 166; 66 Vt. 415; 29 Atlantic 634; Randolph on Commercial Paper No. 920; Brandt on Suretyship and Guaranty So. 26; 6 Am. and English Enc. Law 691-692.

*Messrs. Thomas & Lumpkin,* for respondent, cite: *Uniform Negotiable Instruments Act:* 28 Stats. 668. *Denial insufficient:* Phillips Code Pleading, sec. 365; Bliss Code Pleading, secs. 326; 123 App. Div. N. Y. 808; 97 S. C. 389; 101 S. C. 188; 30 L. R. A. (N. S.) 771. *Accommodation indorser:* 28 Stats. 674, sec. 29.

October 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action upon two negotiable instruments, payable to the plaintiff. The Circuit Court struck out the answers because they were esteemed "frivolous and sham," and gave judgment against the defendants. Of the three defendants Mrs. Kibler alone has appealed from that order.

The pleadings ought to be reported. There was no proof that the answer was sham, that is to say, that its pretended denials and its pretended new matter are untrue. The only

issue to be decided, therefore, is this, Is the answer frivolous?

An answer is frivolous when it is clearly insufficient on its face, and does not controvert the material points of the complaint, and is presumably interposed for mere purposes of delay. Black's Law Dic., page 526.

In the instant case the material allegations of the complaint, so far as Mrs. Kibler is concerned, are: Paragraph 3, that R. Y. Kibler (the appellant's husband) in August, 1915, made his negotiable note to the plaintiff; paragraph 4, that Pearle Kibler thereafter and before maturity indorsed the said note and delivered it to the plaintiff for value; paragraph 5, that the note was not paid when due and was protested for nonpayment, and notice given.

The defendant was bound: (1) To deny these allegations; (2) or to say that she had no knowledge or information about them sufficient to form a belief; (3) or to state new matter which constitutes a defense thereto. Code, sec. 199. A denial is predicated on knowledge; a lack of belief is predicated on ignorance. The defendant did not deny; she did allege lack of knowledge, and, therefore, denied. That is not a sufficient denial. Pomeroy's Rem., sec. 640. The defendant will not be heard to say that she has no knowledge about an act laid at her own door; she may deny, if she will, as Peter did, but she may not palter. The complaint charged her with an act; it alleged that she indorsed and delivered before maturity a particularly described note to the plaintiff for value. That was the vital allegation which charged her with liability. She was bound to know the fact, whether she did or did not indorse and deliver before maturity; she cannot say, unless she be frivolous, that she has no knowledge of it. Pomeroy's Rem. 641.

It is true the defendant proceeded in paragraphs 4 and 5 of her answer to recite as pretensive new matter transactions

betwixt herself and her husband, what they said to each other, and what they did, and what the husband told her the bank had told him; and from these allegations the pleader concludes, therefore, the wife got no consideration for her indorsement, and her contract with the bank was a collateral one and not binding on her. But the allegations in no wise implicate the bank in these transactions between the husband and wife. They are *res inter alios acta.* If the wife was deceived into signing, the thing was not accomplished by the bank.

We have not considered by number the appellant's six exceptions; they were not so argued.

We have not put our judgment on the same ground upon which the Circuit Court rested its judgment. And we do not gainsay that under some circumstances an indorsement may be what the appellant calls collateral and not binding on her who makes it; but the allegations of the answer do not make such a case.

The issue here is one of pleading, and our judgment is based upon an answer which we deem insufficient and frivolous, and wholly irresponsive to the plain allegation of the complaint.

The judgment below is affirmed.