10916

### READ PHOSPHATE CO. v. JENKINS

(113 S. E. 317)

</div>

BILLS AND NOTES—REASONABLENESS OF ATTORNEY'S FEE IS QUESTION FOR COURT AND NOT FOR JURY.—In an action on a note providing for a reasonable attorney's fee of 10 per cent., where the answer raised only the issue of the reasonableness of the specified fee, the amount of the fee was a question for the Court and not for the jury.

Before RICE, J., Cherokee, January, 1922. Affirmed.

Action by Read Phosphate Co. against J. F. Jenkins. Judgment for plaintiff on the pleadings and defendant appeals.

*Mr. G. W. Speer,* for appellant, cites: *Attorney's fees should be determined by jury:* 23 S. C., 370; 61 S. E., 1031; 89 S. E., 323; 89 S. E., 657.

*Messrs. Brown & Boyd,* for respondent, cite: *Amount of attorney's fees is for the Court:* 84 S. C., 458; 103 S. C., 299. *Exception too general:* 114 S. C., 254.

July 25, 1922.

*Per curiam.* Upon a consideration of this petition and for the reasons fully set forth in the opinion on petition for rehearing in the case of *Bank v. Yarborough* (just filed): 113 S. E., 313, it is ordered that the opinion heretofore filed be withdrawn and the following substituted therefor:

Action upon a note for $1,724.55, dated June 22, 1921, due November 1, 1921, with interest after maturity at 7 per cent. per annum. The note contained also a provision for "a reasonable attorney's fee not to exceed 10 per cent." The complaint was in the usual form, declaring upon the note and demanding judgment for the principal sum, interest, and attorney's fees. The attorney's fee at 10 per cent. was alleged to be a reasonable fee. The answer in the first paragraph alleged information insufficient to deny the allegations of the corporate capacity of the plaintiff, and the second paragraph was as follows:

"Further answering, this defendant says that, if the note referred to in paragraph 2 of the complaint provides for a reasonable attorney fee, 10 per cent. is unreasonable, and that 5 per cent. would be just and reasonable."

The plaintiff made a motion before Judge Rice for an order striking out the answer and for judgment, upon the grounds: (1) That it contained no denial of the cause of action, or matter constituting a defense or counterclaim; and (2) that it was frivolous and intended merely for delay.

The Circuit Judge sustained the motion, citing in support of the insufficiency of the first paragraph of the answer *Bank v. Fripp,* 101 S. C. 188, 85 S. E. 1070, and *Guaranty Trust Co. v. Kibler,* 105 S. C. 518, 90 S. E. 159. As to the second paragraph above set forth, he declared:

"The second paragraph is addressed to the sound discretion of the Court as to what amount shall be allowed as attorney's fees, and on the showing and under the circumstances of the case, I find that 10 per cent. is proper attorney's fees in this case."

He thereupon rendered judgment in favor of the plaintiff for $1,930.20, which included the principal sum, interest, and 10 per cent. attorney's fee.

The defendant has appealed making no contention as to the correctness of the judgment so far as it relates to

the principal sum and interest, but contending that the answer raised an issue of fact as to what would be a reasonable attorney's fee, which should have been submitted to a jury.

Whether the provision for attorney's fees is for a definite percentage, or is expressed in indefinite terms as in the case at bar, for "reasonable attorney's fees," the Court has the power to determine what that amount should be.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.