## 11639

### UNION GUANO COMPANY v. GARRISON *ET AL.*

#### (126 S. E., 133)

1. Bills and Notes—Makers' Answer to Payee's Complaint Held Insufficient to Put in Issue Execution and Delivery of Note.— In payee's action on note, makers' answer, admitting execution of some note and alleging that they have no knowledge or information sufficient to form a belief as to whether the note described in the complaint is the note signed, *held* insufficient to put in issue the execution and delivery of note sued on.

2. Bills and Notes—Payee Suing Maker is Presumed Legal Owner and Holder.—Payee suing maker is presumed legal owner and holder.

3. Bills and Notes—Pleading—Allegation of Ownership Superfluous in Payee's Action; Denial of Ownership Without Stating Facts is Denial of Legal Conclusion; Makers' Denial of Payee's

---

Note: On sufficiency of answers denying ownership of plaintiff in actions on negotiable instruments, see note in 66 L. R. A., 513 *et seq.*

ALLEGATION OF OWNERSHIP DOES NOT PUT FACT OF OWNERSHIP IN ISSUE.—In payee's action against makers, allegation of ownership of note in compliant is superfluous, and denial of it without allegation of facts to support denial is merely the denial of a legal conclusion based on presumption that payee is legal owner and holder, and does not put fact of ownership in issue.

4. PLEADING—MAKERS' ANSWER, IN PAYEE'S ACTION, DENYING EXECUTION AND PAYEE'S OWNERSHIP ON INFORMATION AND BELIEF, HELD PROPERLY STRICKEN AS SHAM AND FRIVOLOUS.—In payee's action on note, makers' answer admitting execution of some note, but alleging want of knowledge or information sufficient to form a belief as to whether or not the note described in the complaint is the note signed, and as to whether or not plaintiff is owner thereof, *held* properly stricken as sham and frivolous, where makers did not plead or produce evidence as to facts warranting belief that payee was not legal owner and holder.

5. PLEADING—PAYEE'S MOTION TO STRIKE MAKERS' ANSWER AS SHAM AND FRIVOLOUS PRESENTS QUESTION OF FACT FOR COURT.—Payee's motion to strike as sham and frivolous makers' answer, alleging want of knowledge or information sufficient to form belief as to whether or not note sued on was that executed by makers, and as to whether payee was lawful owner and holder, presents question of fact to be determined by the Court upon affidavits, or in such manner as Court may direct.

Before DENNIS, J., Pickens, February, 1924.   Affirmed.

Action by the Union Guano Company against Henry W. Garrison and another.   From an order striking out defendant's answer as sham and frivolous, and rendering judgment for plaintiff, defendants appeal.

*Messrs. Martin, Blythe, Craig & Keith,* for appellants, cite: *Sham and frivolous answer:* 105 S. C., 513.   *Trial by jury:* Const. 1895, Art. 1, Sec. 25.   *Words "no knowledge" is sufficient denial:* Code of Civ. Proc. 1922, Sec. 440; 6 S. C., 118; 57 S. C., 289; 31 Cyc., 199; 8 C. J., 937; Sec. 1224 and Note; 106 S. C., 545; 43 S. C., 17.   *"Stare decisis":* 103 S. C., 10; 122 S. C., 407; 114 S. E., 451. *Possession as evidence of ownership:* 101 S. C., 144; 8 C. J., 886, 932, 1003, 1007, 1071; 101 S. C., 185.   *Motion to strike out answer defective:* 27 S. C., 164; 97 S. C., 389. *Attorney's fees:* 8 C. J., 1101; 6 C. J., 748.

*Messrs. Nettles & Oxner,* for respondent, cite: *Denial:* 105 S. C., 513; 120 S. C., 385. *Ownership of note:* 8 C. J., 886; 38 S. C., 385; 97 S. C., 136; 102 S. C., 19; 120 S. C., 375. *Motion to strike out presents a question of fact to be determined by the Court:* 6 S. C., 113; 97 S. C., 389; 101 S. C., 185; 100 S. C., 196. *Payee is presumed to be the holder of the paper:* 66 L. R. A., 513, and note.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a promissory note executed by the defendants as makers and payable to the plaintiff. The appeal is from an order of the Circuit Judge, striking out the answer of the defendants as sham and frivolous, and rendering judgment in favor of the plaintiff.

The complaint alleges the corporate existence of the plaintiff, the residence of the defendants, the execution and delivery of the note (a copy of which is set forth in the complaint), presentment for payment, failure to pay, the ownership of the note, and the amount due.

The answer admits the corporate existence of the plaintiff, the residence of the defendants, the execution by them *of some note,* but alleges that they have no knowledge or information sufficient to form a belief as to whether or not the note described in the complaint is the note signed, and demands proof thereof, and that they have no knowledge or information sufficient to form a belief as to whether or not the plaintiff is the owner thereof.

At the hearing of the motion to strike out, in open Court, after reading the pleadings, motion papers, inspecting the original note sued upon and hearing argument, his Honor, Judge Dennis, granted the motion and rendered judgment. Under the case of *Guaranty Co. v. Kibler,* 105 S. C., 513, 90 S. E., 159, it is clear that the answer did not put in issue the execution and delivery of the note sued upon.

Paragraph 3 of the complaint alleges that the plaintiff is the legal owner and holder of the note sued upon. Paragraph 2 of the answer alleges that the defendants have no knowledge or information sufficient to form a belief as to whether or not the plaintiff is the lawful owner and holder thereof.

In an action by the payee of a note against the maker, it is presumed that the payee is the legal owner and holder. The allegation of ownership is superfluous, and the denial of it without the allegation of facts upon which the denial might be supported is nothing more than the denial of a legal conclusion based upon that presumption; which, of course, does not put the fact of ownership in issue. 8 C. J., 886. See extended note to 66 L. R. A., 549.

The answer is sham upon its face for another reason: The presumption that the payee of the note was the legal owner and holder of it necessarily controlled the mental attitude of the defendants, in the absence of any showing by pleading or evidence to the contrary; the belief thus engendered could only be dissipated by some knowledge or information calculated to show that the payee was not the legal owner and holder; such knowledge or information they deny possessing; hence by their own showing they affirm the presence of the belief.

Again, the motion to strike out as sham presented a question of fact to be determined by the Court upon affidavits, or in such manner as the Court may direct. *Tharin v. Seabrook,* 6 S. C., 113. *Germofert Co. v. Castles,* 97 S. C., 389; 81 S. E., 665. *Bank v. Fripp,* 101 S. C., 185; 85 S. E., 1070. *Chemical Co. v. Farmington,* 100 S. C., 196; 84 S. E., 710.

The Court had the note before it, produced from the possession of the plaintiff, showing no transfer to any one; the defendants had the opportunity of making some show-

ing in support of their apparently baseless contention; they made none.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.