14613

ASSOCIATED SEED GROWERS, INC., v. SOUTH CAROLINA PACKING CORPORATION, CO-OP.

(195 S. E., 107)

November, 1936.

*Mr. Randolph Murdaugh,* for appellant,

*Mr. George Warren,* for respondent,

February 2, 1938.

The opinion of the Court was delivered by Mr. Justice Baker.

This is an action on three trade acceptances drawn by the respondent to its order, on South Carolina Packing Corporation, and accepted by the appellant, South Carolina Packing Corporation, Co-operative.

The respondent's complaint alleges:

For a first cause of action, that on February 27, 1931, the appellant made, executed, and delivered to respondent its acceptance of a certain trade acceptance and/or instrument in writing, bearing date December 5, 1930, whereby it agreed to pay to the order of respondent on July 31, 1931, at Loan & Exchange Bank, Fairfax, S. C., the sum of $2,655.00,

with interest from April 1, 1931, at the rate of 6 per cent. per annum, for value received. That demand for payment had been made by respondent on appellant, but that no payments have been made except as follows: Payments on various dates from October 19, 1931, to January 14, 1933, aggregating $825.00, were then set forth.

The complaint then continued: "That after due credit for all of the aforesaid payments on said indebtedness, the defendant is due and owing unto this plaintiff thereon the principal sum of Two Thousand Eighty and 26/100 ($2,-080.26) Dollars, together with interest thereon from the 14th day of January, 1933, until fully paid, at the rate of six per centum per annum."

For a second cause of action, the acceptance by appellant of another trade acceptance similar to that alleged in the first cause of action, except as to the date thereof, which is March 12, 1931, and date of acceptance, March ...., 1931, and the amount $225.00, with interest to run from July 1, 1931. No credits on this acceptance.

For a third cause of action, the acceptance by appellant of another trade acceptance similar to the other two acceptances, but dated February 5, 1932, accepted February 18, 1932, and in the sum of $688.15, interest to run from May 25, 1932. No credits on this acceptance.

The answer of appellant was as follows: "That it denies each and every allegation in each and every cause of action in the said complaint contained, and demands strict proof thereof."

We do not know why there is included in the record practically five pages devoted to a discussion if this case should be ordered to a trial.

The trial Judge, over the objection of appellant, admitted in evidence the trade acceptances sued upon; refused appellant's motion for a nonsuit, and granted respondent's motion for a directed verdict. The exceptions allege error in these particulars.

On the back of the trade acceptance for $2,655.00, omitting the credits hereinabove referred to and entered thereon, appear the following indorsements:

"Pay Union & New Haven Trust Co.
   "New Haven, Conn., or Order,
"Associated Seed Growers, Inc.

"Pay to the Order of Any Bank, Banker or Trust Company
"The Union & New Haven Trust Co.
"New Haven, Conn., L. D. Kennedy, Treas.
"No attention                                          .

"Pay any Bank, or Banker, For Collection,
"Wachovia Bank & Trust Co.                    Cancelled
"Winston-Salem, N. C., June 27, 1931

"Pay to the Order of Any Bank, Banker or Trust Co.,
   For Collection and Remittance.            Cancelled
"Prior indorsements Guaranteed.
"Bankers Trust Company,
"New York."

Identical indorsements as above set out appear on the back of the other two trade acceptances, with the exception that the dating of the cancelled indorsement of Wachovia Bank & Trust Company, Winston-Salem, N. C., on the $225.00 acceptance (second cause of action) is June 29, 1931; and the date of the same bank's cancelled indorsement on the $688.15 acceptance (third cause of action) is May 20, 1932.

A synopsis of the testimony of Honorable George Warren, attorney for respondent, and the only witness, follows: In the usual course of his practice of law there came to him the three instruments of writing sued upon; that when they were received by him, he "took the matter up" with appellant by interviewing Mr. J. B. O'Neal, who was by his admission the officer in charge of the affairs of the company, and so continues so far as he knew; that the trade acceptances were shown Mr. O'Neal, and O'Neal admitted the

genuineness of them, and only asked for time, which was extended him. Referring to the $2,655.00 acceptance, Mr. Warren testified: "He (Mr. O'Neal) admitted making payments on that, and stated the reason for the non-payment of this particular acceptance to this particular Company was the inability of the South Carolina Packing Corporation, Co-operative, to collect from its customers, that is, the parties to whom they had distributed those seed. There was no question made at that time, when this instrument was exhibited to Mr. O'Neal, and the same indorsements appeared on there that appear on there now."

He further testified: "At that time, I was representing the Associated Seed Growers, Inc., and I had with me the three (3) trade acceptances for the purpose of showing them to Mr. O'Neal. On all three (3) of the trade acceptances he identified his signature, and said it owed the money and just wanted more time. I granted some time, but later on, my client insisted on suit being brought, and when the suit was filed Mr. O'Neal got me to hold off from bringing the case to trial."

It is very doubtful if the answer of appellant is, strictly speaking, a general denial which would require respondent to prove ownership of the instruments sued upon, the words "and demands strict proof thereof" following the denial, when taken in conjunction with the testimony of Mr. Warren, places the appellant uncomfortably close to the position occupied by the defendant in the case of *Guaranty Trust Co. v. Kibler*, 105 S. C., 513, 90 S. E., 159, 160, wherein Mr. Justice Gage, in writing the opinion of the Court affirming the judgment of the lower Court in striking out the answer of defendant as frivolous, stated "she may deny, if she will, as Peter did, but she may not Palter." However, both sides have treated the answer as a general denial. We will do likewise.

The indorsement of respondent on the instruments in question, without qualification, made it liable to Union & New Haven Trust Company for the pay-

ment thereof. The acceptances were not paid when due by the acceptor, the appellant. They had been past due since July 1, 1931, and May 25, 1932. After the $2,655.00 was past due, to wit, between October 19, 1931, and January 14, 1933, payments aggregating $825.00 were made thereon by appellant to respondent, without any question being made to the right of respondent to be paid. When Mr. Warren, as attorney for respondent, interviewed the managing officer of appellant, the genuineness of the instruments was freely admitted, and a plea made for an extension of time in which to pay same. Thereafter, when Mr. Warren was forced to commence action by the service of summons and complaint, appellant, through its managing officer, O'Neal, "got me (him) to hold off from bringing the case to trial."

The instruments of writing had been in the possession of respondent's counsel for a long while, probably two years or more, prior to the trial, and there is not a scintilla of evidence that Union & New Haven Trust Company claimed any interest in them. Notwithstanding the fact that there is no cancellation of the assignment to the last-named bank by respondent, nor a reassigment of the instruments to respondent by such bank, the presumption and only reasonable inference is that respondent honored its indorsement, paid the bank and that the indebtedness of appellant evidenced by the trade acceptances is due to the respondent.

This case is distinguishable from *Federal Intermediate Credit Bank v. Carolina Petroleum Co.*, 154 S. C., 435, 151 S. E., 738, relied upon by appellant, in that here the party offering the acceptances in evidence was not only in possession of the instruments of writing, but was the original payee, and the indorsement thereon showed that it was responsible for the payment thereof to its assignee. In that case the possessor of the note was neither the payee nor the indorsee, but relied solely upon the fact of possession.

Section 6810 of the Code is in part as follows:

"Every holder is deemed *prima facie* to be a holder in due course."

" 'Holder' means the payee or endorsee of a bill or note, who is in possession of it, or the bearer thereof." Section 6942, Code.

The trade acceptances contained on their face the statement following: "The obligation of the acceptor of this bill arises out of the purchase of goods from the drawer."

The term *"ultra vires"* in so far as it applies to corporations, while most elastic, is not free from difficulty of application when pleaded by a corporation. However, the appellant here undertakes to invoke this doctrine upon the basis that the trade acceptances were drawn on South Carolina Packing Corporation and accepted by South Carolina Packing Corporation, Co-operative, "a third party, without consideration, the acceptance of which was *ultra vires* and of no force and effect."

It is said that the doctrine of *"ultra vires"* is entirely a creature of the Court. This being so when pleaded, the Courts have given such effect thereto as only justice may require. *Alderman v. Alderman,* 178 S. C., 9, 181 S. E., 897, 105 A. L. R., 102.

When a corporation profits by its even admittedly *ultra vires* act, it will not be heard to say that it is not liable. And so far as the evidence here shows, appellant purchased "goods" of respondent to the amount of the trade acceptances. It is so stated on the face of the instruments of writing.

There is, however, an additional reason for overruling appellant's exceptions alleging error by the trial Judge in refusing motion of nonsuit, and directing a verdict against it. Treating appellant's answer as a general denial, a reading of the complaint of respondent will demonstrate that the defense of *ultra vires* is a distinct affirmative defense thereto, and such defense would have to be pleaded before appellant would have been permitted to introduce evidence that the acceptance of the instruments of writing sued upon was without consideration, and without

force and effect. See *Henderson v. Bennett,* 58 S. C., 30, 36 S. E., 2; *Williams v. Irby,* 15 S. C., 458.

All exceptions have been considered, and are overruled. Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.