643 F.2d 164
 FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee,
v.
S. N. ARONECK and Arrow Investment Corporation, Appellants,
v.
HENRY SIMS SECURITIES, INC., Third Party Defendant.
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,
v.
S. N. ARONECK and Arrow Investment Corporation, Appellees,
v.
HENRY SIMS SECURITIES, INC., Third Party Defendant.
 Nos. 80-1315, 80-1367.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 3, 1980.
Decided Feb. 19, 1981.
 
 George Hunter McMaster, Columbia, S. C. (Tompkins, McMaster & Thomas, Columbia, S. C., on brief), for appellants.
 J. Randolph Pelzer, Pelzer & Chard, P. A., North Charleston, S. C. (Frank L. Skillern, Jr., Myers N. Fisher, Carroll R. Shifflett, Washington, D. C., Legal Division, Federal Deposit Ins. Corp., on brief), for appellee.
 Before BRYAN, Senior Circuit Judge, HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Federal Deposit Insurance Corporation (FDIC) brought this action to collect on a promissory note, in the principal amount of approximately $34,340.00, originally given by appellant S. N. Aroneck to American Bank & Trust (AB&T) to finance Aroneck's purchase of shares of stock in AB&T's parent corporation, American Bank and Trust Shares, Inc. (ABTS). Aroneck counterclaimed, alleging that he was not liable on the note because it was an integral part of a scheme contravening the federal securities laws by AB&T and its officer, William Southworth, to induce Aroneck to purchase the ABTS shares. The district court granted summary judgment to the FDIC, finding that Aroneck acted in pari delicto with Southworth and, therefore, was estopped to assert his counterclaim against the FDIC. We affirm the grant of summary judgment.
 
 
 2
 FDIC introduced uncontested evidence that it incurred legal expenses of $12,871.50. The note provided for the award of a reasonable attorney's fee and the district court found that a fee of $3,434.00, representing ten percent of the principal amount, was reasonable. On FDIC's cross-appeal challenging this determination we vacate and remand for reconsideration of the award.
 
 
 3
 * According to Aroneck's allegations, Southworth suggested that he purchase some ABTS stock and offered to arrange the financing. Southworth also assured Aroneck that he would not get "hurt" in the transaction. He interpreted this assurance to mean that the ABTS stock was a sound investment and Southworth would warn of any adverse changes in the financial status of AB&T or ABTS stock in time for Aroneck to dispose of his shares without suffering a financial loss. Because of this assurance of inside information, Aroneck agreed to purchase 2,550 shares of ABTS stock for $72,675.00. The note sued on here was given by Aroneck to AB&T for an unsecured loan partially financing this stock purchase.
 
 
 4
 On September 30, 1974, AB&T went into receivership. The FDIC purchased the note from AB&T and unsuccessfully demanded payment. It then filed this collection suit in district court pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1345.[1]
 
 
 5
 Aroneck raised one counterclaim at issue on appeal: he denied liability on the note because Southworth, on behalf of AB&T, fraudulently misled him as to the soundness of ABTS stock in violation of various federal securities laws. Aroneck therefore asserted that he should be able to rescind the purchase and to cancel the indebtedness created by the note. He demanded a trial by jury.
 
 
 6
 The district court granted the FDIC's motion for summary judgment, finding that Aroneck acted in pari delicto with Southworth under the two-prong test of Fogarty v. Security Trust Co., 532 F.2d 1029, 1033 (5th Cir. 1976), which this court adopted in Lawler v. Gilliam, 569 F.2d 1283, 1292 (4th Cir. 1978). Therefore, he was estopped from asserting his counterclaim.
 
 
 7
 The district court properly applied the law and exercised its discretion, Kuehnart v. Texstar Corp., 412 F.2d 700, 704 (5th Cir. 1969), in concluding on the summary judgment record that the in pari delicto defense is applicable in this case. We affirm the grant of summary judgment to the FDIC for the reasons more fully set forth by the district court in its opinion. Federal Deposit Insurance Corp. v. Aroneck, 509 F.Supp. 553 (D.S.C. 1979).
 
 II
 
 8
 The promissory note provided that "reasonable attorneys fees and all other costs and expenses incurred in the collection of this note shall be added to the amount due thereon and be collectable as a part thereof ...." The attorneys for the FDIC submitted an affidavit with attached itemized statements showing that as of November 1, 1979, they had billed the FDIC in the amount of $12,871.50 and stating that this amount was reasonable because of the complexity of the case, in particular because they had to refute Aroneck's numerous defenses and counterclaims.
 
 
 9
 The district court awarded an attorney's fee of $3,434.00, representing ten percent of the principal amount of the note. It found this fee was reasonable despite the acknowledged complexity of the case, observing that the provision in a note for an attorney's fee is not always intended to cover the full amount of fees incurred.
 
 
 10
 The FDIC cross-appeals the award of $3,434.00. It first contends that setting ten percent of the principal amount of the indebtedness as a basis for determining a reasonable attorney's fee is arbitrary. Second, the district court failed to explain why the fee incurred and requested, as supported by specific, uncontroverted evidence in the record, is unreasonable. The FDIC notes that the district court did not make the detailed findings of fact required by Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n. 28 (4th Cir. 1978). Finally, the private attorneys have, in fact, been paid and the FDIC is the party who is now out of pocket for that portion of the fee in excess of $3,434.00.
 
 
 11
 In addressing the issue raised by the cross-appeal, we note first that state law governs our decision in this case based upon the federal question jurisdiction. See United States v. Yazell, 382 U.S. 341, 354-58, 86 S.Ct. 500, 507-09, 15 L.Ed.2d 404 (1966); D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 474, 62 S.Ct. 676, 687, 86 L.Ed. 956 (1942) (Jackson, J., concurring) ("many questions as to the liability of parties to commercial paper which comes into the hands of the Corporation will be solved by applying the local law ..."). Looking to the law of South Carolina, we find that the award of reasonable attorney fees is considered to present questions of law to be determined by the court, not a factual dispute to be submitted to a jury. Bank of Enoree v. Yarborough, 120 S.C. 385, 113 S.E. 313, 317 (1922); Read Phosphate Co. v. Jenkins, 120 S.C. 337, 113 S.E. 317, 318 (1922). Consequently, we can review the district court's award in this case solely for abuse of discretion.
 
 
 12
 Effective appellate review of such a discretionary determination is impossible, however, "unless we have before us the district court's reasons for finding a particular award appropriate." Barber, 577 F.2d at 226. We lack such reasons in this case.
 
 
 13
 Unlike Barber where a statute provided that the award of a reasonable attorney's fee was to be determined by the court, this case involves the provision in a promissory note for a reasonable attorney's fee. The pertinent note, however, lists no criteria for determining reasonableness. Therefore, for purposes of this suit, the factors listed in Barber may serve as guidelines for the district court in making an attorney's fee award. As this court noted in Barber,
 
 
 14
 these factors must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary; and in order to make review by us effective, we hold that any award must be accompanied by detailed findings of fact with regard to the factors considered.
 
 
 15
 Id. at 226.
 
 
 16
 Because the district court did not make any findings of fact as to the appropriateness of the amount it awarded or as to why it found the uncontroverted and presumptively reasonable billing for $12,871.50 not reasonable within the note's contemplation, we vacate the award of the attorney's fee and remand for a new award supported by adequate findings. In making this new award, the district court may take into account the legal services required to defend FDIC's judgment on this appeal.
 
 
 17
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 The FDIC also sued for possession of another note and mortgage assigned as collateral security for this note. Aroneck does not appeal the district court's order of immediate delivery