800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FOREST SALES CORPORATION, Appellant,
v.
Rufus McLARTY, Defendant, A
Walter Bedingfield, Appellee.
 No. 86-3514.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1986.
Decided Sept. 4, 1986.
 
 William M. Bowen (Bowen, Smoot & Laughlin on brief), for appellant.
 John W. Harte, Jr. (John W. Harte and R. Geoffrey Levy on brief), for appellee.
 D.S.C..
 REVERSED IN PART; MODIFIED IN PART.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from an action brought by Forest Sales Corporation (Forest) to collect a debt for which defendants Bedingfield and McLarty were sureties. On appeal, Forest alleges that the district court abused its discretion by awarding inadequate attorney's fees and erred in failing to award the prejudgment interest provided by the contract. Agreeing, we reverse in part and modify in part.
 
 
 2
 * In April 1981, Forest began doing business on an open account with an entity known at times as Carolina Wood Preserving, Ltd. and at other times as Carolina Wood Preserving, Inc. Forest required personal guarantees of the account by defendants Bedingfield and McLarty. These guaranty agreements do not require that any action be taken against the principal and provide that the guarantor waives all notice of formality of presentment.
 
 
 3
 In April 1982, Forest decided to bring suit to collect on the account. Upon reviewing the records, Forest's lawyers realized that the eight percent per annum interest charge provided by the agreement had not been entered on Forest's account records. Forest brought an action in state court against Carolina Wood Preserving, Inc. a/k/a Carolina Wood Preserving, Ltd., Bedingfield and McLarty, seeking a judgment for the balance of the account together with interest and attorney's fees, as the agreement provided. Bedingfield requested that the case be removed from the trial docket and placed on the contingent docket in return for which Forest would receive $13,000 per month until the debt was satisfied and Forest agreed. The proposed schedule of payments was not met, and the case was returned to the trial docket. The defendants entered an appearance, represented by the same counsel, and filed a general denial with notice of intent to file an amended answer and counterclaim.
 
 
 4
 From the record it is apparent that the defendants were not as cooperative with Forest's attempts to obtain pretrial discovery. Forest had to obtain an order compelling Bedingfield and McLarty to appear for depositions. In spite of the order, Bedingfield and McLarty made no such appearance. A second order was issued. When Forest appeared to take the depositions, it learned that Bedingfield and McLarty had begun a series of proceedings in the bankruptcy court, and it was served with a Temporary Restraining Order enjoining it from proceeding with the depositions or any further discovery against the defendants.
 
 
 5
 On March 15, 1984, Forest was finally granted relief from the automatic stay so that it could proceed with its state court action. On that day, the defendants filed an application to remove the state court proceeding to bankruptcy court. Forest opposed this motion and eventually the parties agreed to removal to the U.S. District Court. Once in district court, a series of discovery motions and a motion by defendant McLarty for a ninety-day continuance combined to keep the matter from coming to trial. Finally, on October 10, 1985, Bedingfield confessed judgment for the principal amount of $99,842.30. Forest moved for interest, and for attorney's fees in the amount of $108,355.99.
 
 
 6
 In deciding the amount of attorney's fees, the district court followed the six factors which are properly considered under South Carolina law. Nienow v. Nienow, 268 S.C. 161, 232 S.E.2d 504 (1977), Atkinson v. Atkinson, 279 S.C. 454, 309 S.E.2d 14 (1983). The sales agreement between Forest and the defendants provided that Forest was entitled to a minimum of fifteen percent of the debt in attorney's fees. It was this minimum, $14,976.35, which the district court awarded. The reasons the district court gave for the low award are summed up as follows: (1) the case involved the simple task of collecting a debt which Forest's counsel had unnecessarily complicated by proceeding against all of the defendants when, under the guaranty agreement, he could have brought an action against Bedingfield alone; (2) Forest's use of three attorneys resulted in duplication of effort which cannot be fairly charged to Bedingfield; (3) Forest's attorneys were paid on a monthly basis, and thus there was no contingency of the fee. In short, the district court was persuaded that the responsibility for the protracted proceeding and high costs incurred in collecting this debt must be laid squarely at Forest's doorstep and fixed the fee accordingly.
 
 
 7
 Additionally, the district court denied Forest's motion for the prejudgment interest which the sales agreement had provided. The district court gave three reasons for its refusal to award the prejudgment interest. First, the guaranty agreement drafted by Forest and executed by Bedingfield contained no reference to interest on the debt. Second, no interest had been charged to the debtor because Forest had carried the debtor's account on its books without interest, and thus no interest should be charged to the guarantor. Finally, the notices of sales and unpaid balances sent by Forest to Bedingfield contained no reference to interest, and thus Bedingfield was without notice of interest. The plaintiff has appealed, arguing that it should be awarded additional attorney's fees and prejudgment interest.
 
 II
 
 8
 Under South Carolina law, the award of reasonable attorney's fees is a question of law to be determined by the court and not a factual issue to be submitted to a jury. Bank of Enoree v. Yarborough, 120 S.C. 385, 113 S.E. 313 (1922). Accordingly, we review the district court's award of attorney's fees solely for an abuse of discretion, Federal Deposit Insurance Corporation v. Aroneck, 643 F.2d 164 (4th Cir.1981). In the instant case we find an abuse of discretion.
 
 
 9
 The district court began with the premise that this case involved the simple matter of collecting a debt and that Forest's counsel was responsible for the costly delays and complications. This view of the case is clearly erroneous. It is apparent from the record that the defendants have used every ploy imaginable to avoid paying a justly incurred debt, including (1) counterclaims alleging fraud, deceit and unfair business practices; (2) resistance to all attempts to secure orders dismissing counterclaims; (3) resistance to all attempts to secure orders striking defenses; (4) resistance to all attempts to secure orders for summary judgment on counterclaims; (5) resistance to all attempts at normal pretrial discovery; and (6) lengthy proceedings in bankruptcy court. While the theory of debt collection is simple in the abstract, the implementation in this case was protracted and complicated by the recalcitrance of the defendants.
 
 
 10
 Bedingfield represents himself as an unsuspecting guarantor who proceeded in good faith with an announced willingness to pay, only to be ambushed by an unscrupulous creditor and its attorneys. To the contrary, Bedingfield, who is himself an attorney, delayed accountability for a just debt nearly four years by employing, or at least acquiescing in, frivolous dilatory tactics. Had Bedingfield been as willing to pay as he would now have this court believe, he could have stepped forward at any time and, as he eventually did, confessed judgment.
 
 
 11
 Turning to the amount of attorney's fees to be awarded, we are mindful that under South Carolina law debtors brought into court who evidence a desire not to hinder or delay their creditors are entitled to great consideration in the fixing of attorney's fees, and debtors who oppose the legal efforts of their creditors to recover should be required to pay higher attorney's fees. Martin v. Traxler Real Estate Company, 140 S.C. 505, 139 S.E. 165 (1927). After a thorough review of the record and consideration of the factors set forth in Nienow, supra, we are convinced that $30,000 is the proper award of attorney's fees.
 
 III
 
 12
 The district court denied the recovery of prejudgment interest, feeling that Bedingfield and McLarty were without notice of this obligation because the written guaranty did not specifically refer to interest and the course of dealings between Forest and the principal debtor did not include a charge for interest. Yet, the written guaranty specifically states that Bedingfield and McLarty absolutely and unconditionally guarantee "prompt payment when due at all times of any and all existing and future indebtedness and liability of every kind, nature and character ... howsoever and whenever created or arising, or evidenced or acquired." Therefore, the failure of the guaranty to specifically mention interest, or any other obligation of the principal, cannot operate to deny recovery on the guaranty if the principal debtor had an obligation to pay interest. Mott Iron Works v. Kaiser Company, 131 S.C. 394, 103 S.E. 783 (1920).
 
 
 13
 The sales agreement between Forest and the principal debtor provided that the purchase price of goods was due in full within 30 days from the date of invoice and that interest would begin to accrue at the rate of eight percent per annum on all amounts not paid within 30 days. The record shows that each individual invoice sent to the principal debtor with confirmation of every order contained a statement repeating the interest provision of the sales agreement. Furthermore, in South Carolina the principal debtor has an obligation to pay prejudgment interest when the sum owed is certain or capable of being reduced to a certainty, even in the absence of an express agreement. R.C. McEntire & Company v. Eastern Foods, Inc., 702 F.2d 471 (4th Cir.1983).
 
 
 14
 Bedingfield alleges that, notwithstanding the sales agreement and invoices, he had no notice that he was liable for interest on the principal debtor's unpaid balance. This argument is without merit. Bedingfield was a partner in the principal debtor and is therefore deemed to have had notice of the terms set forth in the sales agreement and in the invoices. Bedingfield is, therefore, liable for prejudgment interest to be assessed according to the terms of the sales agreement. For the foregoing reasons, the decision of the district court is reversed.
 
 
 15
 The order of the district court denying prejudgment interest is reversed and the order awarding attorney's fees is modified to set a fee of $30,000.
 
 
 16
 REVERSED IN PART; MODIFIED IN PART.