8844

GERMOFERT MFG. CO. v. CASTLES.

(81 S. E. 665.)

PLEADINGS. SHAM ANSWER. PRACTICE.

1. If a pleading is manifestly false and interposed to defeat or delay plaintiff's action, the Court will strike it as sham, the word "sham" being synonymous with "false" and applicable to designate all the pleadings which are in fact false, whether good or bad in substance, but a pleading is not sham merely because it is legally insufficient or because it contains inconsistent averments or omits material facts, etc.

2. A motion to strike a pleading as sham can only be directed against an entire answer or defense, and an entire answer will not be stricken upon a showing that a separable part of it is sham.

3. A motion to strike a pleading or defense as sham is not regarded favorably, and will only be granted where the falsity of the pleading clearly appears; its truth or falsity ordinarily being for the jury.

4. In an action on a promissory note given for fertilizer which stipulated that the maker would in nowise hold the payee responsible for the practical results of the fertilizer on crops, it was error to strike as sham a counterclaim alleging that plaintiff represented that the fertilizer was adapted to promote growth of cotton and defendant purchased it relying on such representation, but that it in fact damaged his cotton crop; the counterclaim being proper.

5. An allegation is irrelevant, where the issue made by its denial has no effect upon the cause of action or no connection with the allegation, and, in an action on a note given for fertilizer which provided that the payee should not be held responsible for the results of the fertilizer on the crops, allegations of a counterclaim that defendant purchased the fertilizer on plaintiff's representations that it was adapted to cotton, but that it in fact damaged defendant's cotton, were not irrelevant.

6. Where an entire pleading or part of a pleading setting up a defense consists of irrelevant matter, a general demurrer will lie to it, but

27—97

it may not be stricken on motion under a statute limiting motions to strike to irrelevant matter contained or inserted in a pleading otherwise good.

Before GAGE, J., Winnsboro, January, 1914. Reversed.

Action by the Germofert Manufacturing Company against S. F. Castles to recover the purchase money for fertilizers sold. From an order granting a motion to strike out a counterclaim in answer as sham, defendant appeals.

The second, third, fourth and fifth paragraphs of the counterclaim struck out alleged:

"2. That prior to the first day of May, 1908, the plaintiff, through its agents and servants, represented to this defendant that it was the manufacturer of a high and valuable grade of commercial fertilizer, which was especially adapted to promote the growth of cotton or other crops that might be planted by the defendant, and upon the representations so made by the plaintiff as to the quality and grade of said fertilizer, this defendant purchased from the plaintiff one hundred bags or sacks thereof to be used by him in the cultivation of his crop of cotton on his plantation situate in the county of Fairfield, in the State aforesaid; and said purchase was made and note given therefor in the sum of two hundred and thirty-nine dollars wholly and solely upon the said representations so made by the plaintiff.

3. That during the year 1908 the defendant planted and cultivated one hundred acres in cotton of his said plantation, and applied thereto the said fertilizer so purchased, as aforesaid, from the plaintiff, according to the instructions and directions given to him, but the said fertilizer so applied to said crop, instead of stimulating and promoting the growth of said cotton, as the plaintiff had represented it would do, as a matter of fact killed and damaged his crop to such an extent that he had to plant over his whole crop, and, in addition, had to replant the same twice thereafter,

all of which was caused by the said fertilizer killing said cotton, the total crop being killed and damaged to the extent of at least fifty per cent. thereof, of all of which said results the plaintiff was duly notified.

4. That the said cotton crop of defendant was planted upon some of his best land, was cultivated under favorable conditions, and notwithstanding the fact that the defendant had been accustomed to gather from fifty to sixty-five bales therefrom, he only gathered during the year 1908 twenty bales of cotton from said one hundred acres, all of which loss and damage was due wholly and entirely to the damaging effects of the fertilizer so sold and delivered to this defendant by the plaintiff, as aforesaid, and as a proximate cause thereof.

5. That, by reason of the actual damage done to plaintiff's crop of cotton and the loss in yield thereof due to said fertilizer killing the same, and the extra labor and expense, which was necessarily incurred by this defendant and in planting and replanting the said crop, this defendant has been damaged in the sum of two thousand dollars."

*Messrs. McDonald & McDonald,* for appellant, cite: *Essentials of counterclaim:* Code Civil Proc. 200; Pom. Code Rem. 849, *et seq.;* 77 S. C. 493; 6 Am. & Eng. Enc. of L. 789; 1 Addison Contracts 446.

*Messrs. Nathans & Sinkler,* for respondent.

May 6, 1914.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This is an action on a promissory note, of which the following is a copy: "$239.00.   Rockton, S. C., May 1st, 1908. On or before the 1st day of November, 1908, I promise to pay Germofert Manufacturing Company, or order, at Bank of Fairfield, Winnsboro, S. C., two hundred thirty-nine and

no-100 dollars, with interest at eight per cent. per annum, after maturity, until paid and all costs of collection, including attorney's fees not exceeding ten per cent., if collected by law or through an attorney at law.    (100) bags of fertilizer ———. Sold to me by said payees.    It is expressly understood and covenanted, that the said Germofert Manufacturing Company, sells said commercial manure as to its quality and effect on crops only on the guaranteed analysis; and I admit that every sack is branded according to law, and that the inspector's tag is on every sack for which this note is given.    And I in no wise hold payee responsible for practical results of said fertilizer on crops.    And in consideration of the above, I accept said fertilizer on these terms, and each of us, whether principal, security guarantor, indorser or other party hereto, hereby severally waives and renounces, each for himself, demand, protest and notice of demand, protest and nonpayment.    (Signed) S. F. Castles."

A note similar to this was construed in the case of *So. Phos. Co.* v. *Arthurs, ante,* 81 S. E. 663, in which the opinion has just been filed.    The defendant answered, setting up several defenses, whereupon the plaintiff's attorneys gave notice that they would make a motion to strike out certain allegations of the defenses, on the ground that they were sham and irrelevant. Some of the allegations were struck out, while the motion was refused as to others. Among the allegations which the plaintiff made a motion to strike out, were all of paragraphs 2, 3, 4, and 5 of the counterclaim, and the sole question raised by the exceptions is whether there was error on the part of his Honor, the Circuit Judge, in ordering that "the allegations of the counterclaim must be stricken out."

The first question we will consider is whether the allegations of the counterclaim were sham.    Section 210 of the Code; 1912, provides that "sham and irrelevant answers and defenses may be stricken out on motion, and upon such terms as the Court in its discretion may impose."

"The objection to sham defenses ordinarily presents a question of fact for the Court, to be determined on affidavits, or in such manner as the Court may direct. If the pleading is manifestly false, and interposed to delay or defeat the plaintiff's action, the Court will strike it out. This power should be sparingly used, and only in cases free from doubt." *Tharin* v. *Seabrook,* 6 S. C. 113; *Ransom* v. *Anderson,* 9 S. C. 438; *Standard Co.* v. *Henry,* 43 S. C. 17, 20 S. E. 790. The word "sham" is synonymous with "false" and applicable to all pleadings which fall within its terms, whether good or bad in substance. 20 Enc. Pl. & Pr., p. 13. "A sham pleading is one good in form but false in fact. * * * A pleading is not a sham, merely because legally insufficient, or demurrable for insufficiency, nor because insufficiently setting forth a valid claim or defense, nor because of the omission of material facts, nor because it contains inconsistent averments." 31 Cyc. 623, 624.

"The motion to strike out a pleading as sham can be directed only against an entire answer, or an entire defense, and an entire answer will not be stricken out, upon a showing that a separable part of it is sham. * * * The motion to strike out a pleading or defense as sham is not looked upon with favor, and will be granted only, where the falsity clearly appears, since the truth or falsity of a pleading is ordinarily to be tried by a jury, with full opportunity for producing, examining and cross-examining witnesses." *Id.* 628; *Buist* v. *Salvo,* 44 S. C. 143, 21 S. E. 615; *Pierson* v. *Green,* 69 S. C. 559, 48 S. E. 624.

Furthermore, the case of *Kirven* v. *Chemical Co.,* 77 S. C. 493, 58 S. E. 424 (in which the judgment was sustained by the United States Supreme Court, 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179), shows that the subject matter of the defense was such as could be properly interposed as a counterclaim in a case like

this, and also that the defendant had the right to bring a separate action on the facts therein alleged.

There was error, therefore, on the part of his Honor, the presiding Judge, in ruling that the allegations setting up the counterclaim should be stricken out on the ground that they were sham.

The next question for consideration is whether the allegations of the counterclaim were irrelevant.

"An allegation is irrelevant, when the issue formed by its denial can have no connection with, nor effect upon, the cause of action." Pom. Code Rem., sec. 551. This language is quoted with approval in *Smith* v. *Smith,* 50 S. C. 54, 27 S. E. 545, and numerous other cases. It cannot be successfully contended that the allegations of the defense which the plaintiffs made a motion to strike out have no connection with, nor effect upon, the plaintiff's cause of action.

There is still another reason why the counterclaim should not be struck out: "A demurrer is not generally a proper remedy for disposing of irrelevant or redundant matter contained in a pleading, but an application to strike out is the only proper remedy, since a demurrer does not lie to a part only of the allegations intended to set forth a single cause of action or defense; nor is irrelevancy, redundancy, or surplusage a ground of demurrer to the pleading as a whole. On the other hand, where an entire pleading, or part of a pleading, purporting to set up a separate cause of action or defense, is wholly devoid of merit, and consists only of irrelevant or superfluous matter, a general demurrer will lie, or the objection may be taken in some other manner proper for determining its sufficiency; but according to many authorities it may not be stricken out under a Code provision the language of which limits motions to strike out to irrelevant or redundant matter contained or inserted in a pleading which is otherwise good." 21 Ency. P. & P. 234-236. This language was quoted with

approval in *Tittle* v. *Kennedy,* 71 S. C. 1, 50 S. E. 544, 4 Ann. Cas. 68.

The question whether the allegations of the counterclaim were sufficient to constitute a defense, were, therefore, not properly before the Court for consideration.

Order reversed.

MR. JUSTICE GAGE did not sit in this case.