## 9651

### ADAMS v. JACKSON *ET AL.*

(91 S. E. 863.)

1. APPEAL AND ERROR — NOTICE OF APPEAL — EFFECT — SUPERSEDEAS. — Notice given in due time of intention to appeal from an order striking out defendant's answer and rendering judgment against her did not operate as a supersedeas and stay further proceedings thereon, and the entry of judgment by the clerk after the notice of appeal had been brought to his attention and filed was not improper.

2. APPEAL AND ERROR—RIGHT—ENTRY OF JUDGMENT AS PREREQUISITE.—
Appeal cannot be taken to the Supreme Court until entry of judgment.

3. PLEADING — DENIAL OF ALLEGATIONS OF COMPLAINT.—The answer of defendant denying knowledge or information sufficient to form a belief as to the allegations in specific paragraphs of the complaint put in issue the allegations in the paragraphs.

4. PLEADING — STRIKING ANSWER — FRIVOLITY OR FALSITY.—If upon an inspection of the pleadings it manifestly appears that the answer is sham or frivolous, the trial Court can strike it and give judgment; if upon an examination of the pleadings it appears from them without extraneous outside evidence, such as affidavits, that the answer is false, it can be stricken and judgment rendered.

5. PLEADINGS—STRIKING ANSWER—FRIVOLITY OR FALSITY.—Where in a law case, an answer puts in issue material facts alleged in the complaint; these issues must be tried by a jury in the manner provided for by law, and not by the Judge upon *ex parte* affidavits.

Before MAULDIN, J., Columbia, April, 1916. Reversed. SMITH, J., August, 1916. Affirmed.

Action by Amanda M. Adams against Thomas P. Jackson and D. E. Lindsay. From an order striking defendant Lindsay's answer as sham and irrelevant, and granting judgment in favor of plaintiff, and from an order dismissing defendant Lindsay's application for an order requiring the clerk to cancel entry of the judgment against her, defendants appeal.

*Messrs. Lyles & Lyles,* for appellants, cite: *As to motion to strike answer as sham and irrelevant:* 9 S. C. 439; 6 S. C. 117; 2 S. C. 422. *Order to docket:* Code Civ. Proc. 305, 314; 44 S. C. 537; 27 S. C. 164. *Notice of motion to docket:* Code Civ. Proc. 446 to 452. *Order for judgment:* 54 S. C. 404. *Notice of appeal as supersedeas:* Code Civ. Proc., secs. 384, 385, 389, 391, 392, 395; 45 S. C. 11.

*Messrs. Frank G. Tompkins* and *W. D. Barnett: As to motion to strike answer as sham:* 97 S. C. 389; 100 S. C. 196; 101 S. C. 185-191. *Rendition and entry of judgment:*

1 Black Jdmts. 106; 45 S. C. 15; 1 Freeman Judgments, sec. 38; 46 S. C. 295; 23 S. C. 160; Civil Code, sec. 1309; Code Civ. Proc., sec. 340. *Stay of proceedings:* Code Civ. Proc. 385; 24 S. C. 84. *Notice of intention to appeal:* 23 S. C. 112; 26 S. C. 597. *Entry of judgments:* 59 S. C. 219; 89 S. C. 110.

March 22, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

There are two appeals in this case, one from an order of Hon. T. J. Mauldin striking out the answer of D. Eliza Lindsay as sham and irrelevant and granting judgment in favor of the plaintiff. The second appeal is from an order of Hon. M. L. Smith dismissing the application of defendant, D. Eliza Lindsay, for an order requiring the clerk of the Court to cancel the entry of a certain judgment against her in favor of the plaintiff in this same cause.

In the last appeal the defendant complains that the Judge was in error in not holding that, inasmuch as notice of intention to appeal was given in proper time from the order of Judge Mauldin striking out the answer of the defendant and rendering judgment against her in favor of the plaintiff, this operated as a supersedeas and stayed further proceedings thereon, and his Honor should have held that the entry of judgment by the clerk of Court after the notice of appeal had been brought to his attention and filed in the cause was without authority of law. There is no merit in this contention. His Honor gave judgment, and it was the duty of the clerk to enter up the judgment, and if defendant felt aggrieved, defendant could appeal after entry of judgment.

An appeal will not lie to this Court until entry of judgment. Even in a criminal case the sentence must be imposed as the judgment of the Court before defendant can appeal to this Court. These exceptions are overruled.

The exceptions to the order of his Honor, Judge Mauldin, are six in number. All are overruled as being without merit, except exception 4, which is:

"Because it was error for his Honor to hold that the first defense pleaded in defendant's answer was sham, and error for him to strike out the same on that ground."

In the third paragraph of defendant's answer defendant uses the following:

"She denies that she has knowledge or information sufficient to form a belief as to the allegations contained in fourth, fifth and sixth paragraphs of the complaint."

This puts in issue the allegations contained in these paragraphs and entitled the defendant to a jury trial on these issues. It may work a hardship in some cases, but it would work a worse hardship in a number of cases and impede the administration of justice to strike out as sham, irrelevant and false an answer upon affidavits submitted to the presiding Judge.

It has been held by this Court that the hearing of facts in a case by submission of affidavits is an unsatisfactory manner of determining the issues in the case. This is a law case, the plaintiff makes her complaint, the defendants make answer thereto, and the issues thus raised must be tried by a jury.

If upon an inspection of the pleadings it manifestly appears that the answer is sham and frivolous, the Court can strike it out and give judgment; if upon an examination of the pleadings it appears from the pleadings without extraneous outside evidence such as affidavits that it is false, then the answer can be stricken out as

false and judgment rendered by the Court. But where the complaint and answer put in issue facts to be determined in the case that are material allegations alleged in the complaint and denied in the answer, these issues must be tried in the manner provided for by law, and not by affidavits submitted to the Judge for his determination of questions of fact.

This exception is sustained, and judgment reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur in the opinion of the Court.

MR. JUSTICE HYDRICK concurs in the result.

MR. JUSTICE GAGE dissents.