12202

BURKHALTER *ET AL.* v. TOWNSEND

(138 S. E., 34)

1. PLEADING—"SHAM ANSWER" IS ONE GOOD IN FORM, BUT FALSE IN FACT AND NOT PLEADED IN GOOD FAITH.—A "sham answer" is one good in form, but false in fact and not pleaded in good faith;

being a mere pretense set up in bad faith and without color of fact.

2. PLEADING—MOTION TO STRIKE ANSWER AS SHAM PRESENTS QUESTION OF FACT FOR DETERMINATION ON AFFIDAVITS OR AS COURT MAY DIRECT.—Motion to strike out an answer as sham presents a question of fact, to be determined by Court on affidavits or in such manner as Court may direct.

3. PLEADING—ANSWER WILL BE STRICKEN AS SHAM ONLY WHERE PLEADING IS MANIFESTLY FALSE, INTERPOSED TO DELAY AND DEFEAT PLAINTIFF'S ACTION.—Power of Court to strike out answer as sham will be very sparingly exercised, and only where pleading is manifestly false, interposed to delay and defeat plaintiff's action, and only in cases free from doubt.

4. PLEADING—STRIKING ANSWER AS SHAM, WITHOUT DETERMINING TRUTH OR FALSITY OF ALLEGATIONS, HELD ERRONEOUS.—Striking out answer as sham, without following prescribed course of determining issue of truth or falsity of allegations of answer on affidavits, or in such manner as Court may direct, *held* erroneous.

5. PLEADING—ANSWER OR DEFENSE, HAVING NO SUBSTANTIAL RELATION TO CONTROVERSY, IS IRRELEVANT.—An answer or defense is irrelevant which has no substantial relation to controversy between parties to an action.

6. PLEADING—MOTION TO STRIKE ANSWER AS IRRELEVANT, DIRECTED AGAINST ENTIRE ANSWER, MUST FAIL IF ANSWER PUTS ANY MATERIAL FACT IN ISSUE.—Where motion to strike out answer as sham, irrelevant, and failing to state facts constituting defense was directed against entire answer and not to separate defenses severally, motion must fail if answer puts any material fact in issue.

7. LANDLORD AND TENANT—LESSORS, SUING FOR BREACH OF LEASE CONTRACT, MUST MINIMIZE DAMAGES.—Lessors, suing for damages on account of lessee's breach of renting contract, had duty to minimize their damages as far as they could reasonably do so.

8. PLEADING—ANSWER IN ACTION TO RECOVER FOR BREACH OF LEASE CONTRACT, DENYING ALLEGATIONS THAT PLAINTIFFS MINIMIZED DAMAGES, HELD RELEVANT.—Answer in action to recover for breach of lease contract, denying allegation in complaint that plaintiffs had advertised place for rent and obtained as fair rental as possible in order to minimize damages, *held* relevant in that it necessarily put plaintiffs to proof of such allegation.

9. PLEADING—DENYING EACH AND EVERY ALLEGATION EXCEPT AS ADMITTED, QUALIFIED, OR EXPLAINED HELD NOT GENERAL DENIAL.—Denial of each and every allegation of complaint except as hereafter admitted, qualified, or explained *held* not to constitute a general denial in proper form.

10. PLEADING—ANSWER'S FAILURE TO STATE FACTS CONSTITUTING DEFENSE MAY BE TAKEN ADVANTAGE OF BY DEMURRER, AND NOT MOTION TO STRIKE.—Failure of answer to state facts sufficient to constitute a defense may be taken advantage of by demurrer, and not by motion to strike.

11. PLEADING—ON STRIKING ANSWER AS SHAM, PROCEEDINGS SHOULD BE HAD AS IN APPLICATION FOR DEFAULT JUDGMENT (CODE CIV. PROC. 1922, § 526).—Effect in action for breach of lease contract of striking out answer as sham and irrelevant, and not stating facts sufficient to constitute a defense, is the same as if no answer was served requiring same proceeding as in application for default judgment, under Code Civ. Proc. 1922, § 526, in cases of unliquidated demand.

Before HENRY, J., Marlboro, November, 1925.  Reversed.

Action by Alma E. Burkhalter and others against Harris R. Townsend.  From orders striking out defendant's answer as sham and irrelevant, and as not stating facts sufficient to constitute a defense and rendering judgment for plaintiffs, defendant appeals.  Reversed and remanded, without prejudice to right of plaintiffs to move for order making the answer more definite and certain or to demur thereto.

The defendant's answer, directed to be reported, is as follows:

The defendant, Harris R. Townsend, answering the complaint herein, says:

For a first defense:

I. He denies each and every allegation of the complaint, except as hereinafter admitted or qualified or explained.

For a second defense:

I. The defendant admits so much of paragraph 2 as alleges that defendant and P. L. Breeden, deceased, entered into a lease contract, but denies that the terms are therein fully and correctly set forth.

II. The defendant has not accurate information about the allegations contained in paragraph 3, except as to the death of Capt. P. L. Breeden.

III. The defendant has not sufficient information as to be able to form a belief as to the allegations of paragraph 4 of the complaint.

IV. The defendant denies all of paragraph 5, except as to the payment of rent by him during the years 1919, 1920, and 1921.

V. The defendant has not sufficient information to be able to form a belief as to the truth of paragraphs 6 and 7 of the complaint.

VI. The defendant denies paragraph 8 of the complaint.

For a third defense:

I. The defendant alleges that for 10 or 11 years prior to the death of Capt. P. L. Breeden, this defendant rented and leased from Capt. P. L. Breeden the lands referred to in the complaint, and that during all of these years he faithfully carried out the terms of the contract between them; that the paper writing attached to the complaint does not fully set forth the terms of the rent trade between the plaintiff and Capt. P. L. Breeden; that, under the terms of the contract existing between this defendant and Capt. P. L. Breeden at the time of the death of the latter, this defendant was to be required to pay only such rent as represented a fair and reasonable rent, and it was agreed and understood between said Breeden and this defendant, as an essential part of the said contract, that in the event of any unusual occurrence affecting adversely the raising or marketing of cotton, an adjustment of the rent was to be made with this defendant. The defendant alleges that the unusual occurrence contemplated when the contract was made came into existence in Marlboro County in the year 1921; that this defendant sought earnestly to induce the plaintiffs herein to carry out the real contract entered into between him and the said Breeden, and it was only after the plaintiffs had refused to carry out said contract that this defendant was forced to the necessity of leaving the premises. Defendant alleges that he faithfully carried out the

contract as long as the said Breeden lived, and that he sought in every way to perform the actual and real contract after the death of said Breeden, but was prevented from doing so by the conduct of the plaintiffs herein. Defendant therefore alleges that there has been no breach of the contract, as alleged in the complaint.

For a fourth defense:

I. The defendant alleges that the performance of the contract described and set up in the complaint, according to the terms therein set forth, was rendered utterly impossible by the irrepressible force of nature; that the only way for this defendant to perform said contract, as set up in the complaint, was to be able to make and gather cotton upon the same scale as was usual in the year 1918 and in previous years; that the boll weevil infestation made this utterly impossible and made it impossible for this defendant to perform said contract. Furthermore, the defendant alleges that the performance of the contract was rendered impossible by the destruction of the subject-matter of the contract.

*Messrs. McColl & Stevenson,* for appellants, cite: *Answer denying allegations of complaint, presents question of fact for jury; cannot be stricken out as sham:* 43 S. C., 25; 9 S. C., 440; 97 S. C., 303; 134 S. C., 509. *Jury must assess unliquidated damages:* Sec. 544, Par. 6, Code; 132 S. E., 616.

*Messrs. J. K. Owens, and DePass & DePass,* for respondents, cite: *Answer does not contain general denial:* Sec. 410, Code. *Must be absence of both knowledge and information sufficient to form a belief, to enable defendant to use this mode of denial:* 100 S. C., 196; 101 S. C., 188; 130 S. C., 406. *Motion to strike out answer as sham presents question of fact for Court, to be determined on af-*

*fidavits, or in such manner as may be directed:* 6 S. C., 113.

May 5, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor Judge Henry, striking out the defendant's answer as sham and irrelevant, and as not stating facts sufficient to constitute a defense.

The cause of action of the plaintiffs is based upon alelgations of fact, which are substantially as follows:

One P. L. Breeden, of Marlboro County, owned a tract of land containing 400 acres, more or less, known as Breeden-Adamville plantation, in Adamville township, of said County; on December 30, 1918, he leased it to the defendant, Townsend for a term of 5 years, beginning January 1, 1919, and ending December 31, 1923, at a yearly rental of $6,000.00, payable on or before October 1st of each year; the contract was in writing, and a copy of it said to be attached as an exhibit to the complaint, although it does not appear in the transcript; P. L. Breeden, the lessor, died about Ocotber 10, 1919, leaving a will which was admitted to probate in Marlboro county; by the will he devised the premises which had been leased, to the plaintiffs, Alma E. Burkhalter and Margaret E. Holliday, for life, which entitled them to receive the rent as it fell due under the lease to the defendant; the defendant paid the stipulated rent for the years 1919, 1920, and 1921; in the fall of the year 1921 the defendant abandoned the leased premises and has refused to pay any rent at all for the years 1922 and 1923; the plaintiffs exercised due diligence in renting the land for the years 1922 and 1923, but $3,000.00 was as much as they could get; the plaintiffs give the defendant credit upon the rent due October 1, 1922, for the $3,000.00 collected from other tenants, and also the same upon the rent due

October 1, 1923, and claim the unpaid balance of $3,000.00 on the rent of 1922, with interest from October 1, 1922, and the same for 1923, with interest from October 1, 1923. (This synopsis of the complaint, is, of course, intended only as such, and by no means as an adjudication of facts.)

The defendant's answer will be set out in full by the reporter in the report of the case.

After the answer had been served, the counsel for the plaintiffs served upon counsel for the defendant notice of a motion to dismiss "the alleged answer" on the ground:

"That the same is sham, irrelevant, and does not state facts sufficient to constitute a defense."

Upon hearing the motion, his Honor Judge Henry signed an order "dismissing" the answer, for the reasons stated in the notice. The order is dated December 1, 1925.

On the same day his Honor Judge Henry signed the following order:

"Answer in the above-entitled cause having been stricken out and dismissed, it is upon motion of J. K. Owens, attorney for plaintiff, ordered, adjudged, and decreed that the above-entitled cause be and the same is transferred from calendar 1 to calendar 3.

"It is further ordered, adjudged, and decreed that the plaintiff have judgment against the defendant in the sum of $7,200.00."

Thereafter counsel for the defendant made a motion before his Honor Judge Henry for an order vacating the orders hereinbefore referred to, which was refused in an order dated December 4, 1925. It will not be necessary to refer further to this notice and order, as the questions for decision fairly arise with reference to the order striking out ("dismissing") the answer and rendering judgment in favor of the plaintiff, from which the defendant has appealed.

I. First, then, as to the order striking out the answer as sham, irrelevant and failing to state facts sufficient to constitute a defense.

(1) Is it sham? A sham answer is one good in form, but false in fact, and not pleaded in good faith; being a mere pretense, set up in bad faith and without color of fact. *Bliss,* Code Pl. page 645 (note 162). The motion to strike out an answer as sham presents a question of fact to be determined by the Court upon affidavits, or in such manner as the Court may direct. *Union Guano Co. v. Garrison,* 130 S. C., 404; 126, S. E., 133. *Germofert Co. v. Castles,* 97 S. C., 389; 81 S. E., 665. *Bank v. Fripp,* 101 S. C., 185; 85 S. E., 1070. *Chemical Co. v. Farmington,* 100 S. C., 196; 84 S. E., 710. The plaintiff who moves to strike out an answer, good in form, as sham, is skating upon very thin ice, in view of the right of the defendant to have the issues of fact tried by a jury and not up affidavits; the rule adopted by this Court is that the power will be very sparingly exercised, and only where the pleading is manifestly false, interposed to delay and defeat the plaintiff's action, and only in cases free from doubt. Cases above cited, and *Ransom v. Anderson,* 9 S. C., 438. In the *Germofert Case* the Court quotes 31 Cyc. 628:

"The motion to strike out a pleading or defense as sham is not looked upon with favor, and will be granted only, where the falsity clearly appears, since the truth or falsity of a pleading is ordinarily to be tried by a jury, with full opportunity for producing, examining and cross-examining witness."

It does not appear that the Circuit Judge followed the prescribed course of determining the issue of the truth or falsity of the allegations of the answer "upon affidavits, or in such manner as the Court may direct," and consequently he was in error in striking out the answer as sham.

(2) Is the answer irrelevant? An answer or a defense is irrelevant which has no substantial relation to the controversy between the parties to an action. In *Smith v. Smith*, 50 S. C., 54; 27 S. E., 545, the Court quotes Pomeroy, Code Remedies, § 661:

"An allegation is irrelevant, when the issue formed by its denial can have no connection with, nor effect upon the cause of action (quoted also in the Germofert Case)."

The motion of the plaintiff is directed against the entire answer as irrelevant, and not to the separate defenses severally. If, therefore, the answer puts in issue any material fact which the plaintiff was required to prove, the motion must fail.

The answer contains allegations which were clearly subject to a motion to make more definite and certain, but the indefiniteness, uncertainty, or insufficiency of an allegation or a defense does not make it irrelevant.

The plaintiffs sue for damages on account of the defendant's breach of his renting contract. It was their duty to minimize their damages as far as they could reasonably do so. They recognize this obligation in the allegation that, after the defendant abandoned the premises, they advertised the place for rent and obtained as fair a rental as they could have done. The defendant denies these allegations and necessarily put the plaintiffs to proof of them. Other allegations of the complaint are put in issue by the answer, but this is sufficient to relieve it of the vice of irrelevancy as a whole.

The first defense, supposed to constitute a general denial, has not been considered for the reason that it is not in the proper form of a general denial. In some jurisdictions such form has been approved, but the trend of authority is a criticism of it. Bliss, Code Pl. § 331; 31 Cyc. 196.

(3) As to the failure to state facts sufficient to constitute a defense: This is a matter which could be taken advantage of by a demurrer and not by a motion to strike. The point is conclusively settled by the *Germofert Case* above cited.

II. Second, as to the order for judgment: Assuming the correctness of the order striking out the answer, the effect of it would have been the same if no answer had been served. The case should have then been transferred to calendar 3 (as was done in this case), and the same proceedings had as in an application for judgment by default, under Section 526 of the Code of Civil Procedure, in cases of unliquidated demands, as this was, by proof in open Court and the verdict of a jury.

The judgment of this Court is that the orders of the Circuit Court appealed from be reversed, and that the case be remanded to the Circuit Court for further proceedings not inconsistent with the conclusions herein announced, without prejudice to the right of the plaintiffs to move for an order making the answer more definite and certain, or to demur to the answer or to any of the alleged defenses therein set forth, as they may be advised.

Mr. Chief Justice Watts, and Messrs. Justices. Stabler and Carter, and Mr. Acting Associate Justice Whiting, concur.