## 12400

### J. R. WATKINS CO. v. STEPHENS *ET AL.*

(142 S. E., 245)

1. Guaranty—Allegation that Seller Fraudulently Induced Buyer to Dispose of Goods Without Regard to Financial Responsibility of Subsequent Buyers Would be Good Defense to Buyer's Guarantors.—In action for goods sold and delivered under a written contract, faithful performance of which by buyer was

guaranteed by defendants, allegations that, in order to get rid of its goods and saddle cost thereof on guarantors, plaintiff fraudulently induced buyer to dispose of goods in any way and by any means possible, either by selling them on credit without regard to financial responsibility of persons to whom he might sell, or by leaving goods with parties who would not buy, *held* to state good defense against guarantors' liability, and Court erred in refusing to permit amendment of answer to set up such defense.

2. APPEAL AND ERROR—CIRCUIT COURT'S DISCRETION RESPECTING PLEADING AMENDMENTS WILL NOT BE INTERFERED WITH, EXCEPT FOR PLAIN ABUSE THEREOF.—It is a general rule that, in the matter of amendments of pleadings, discretion of Circuit Judge will not be interfered with by Supreme Court on appeal, except in case of plain abuse of discretion.

3. APPEAL AND ERROR—TRIAL JUDGE'S REFUSAL OF MOTION TO AMEND ANSWER ON GROUND THAT PROPOSED DEFENSE DID NOT CONSTITUTE DEFENSE HELD REVIEWABLE.—Circuit Judge's refusal of defendant's motion to amend answer on ground that facts proposed to be set up in defense were not sufficient to constitute a defense involved question of law, and was appealable, and was not within the rule that Circuit Judge's discretion in ruling on amendments will not be interfered with, except for plain abuse of discretion.

Before DENNIS, J., Dillon.   Reversed.

Action by the J. R. Watkins Company against A. S. Stephens and others. From an order refusing to allow an amendment to defendants' answer, defendants appeal.

The proposed amended answer is as follows:

The defendants, A. T. Stephens and B. L. Altman, answering the complaint herein, allege:

For a first defense:

I. That they deny each and every material allegation set out and contained in each and both of the alleged causes of action contained in the said complaint, except the allegations contained in paragraphs numbered one in the first and second alleged causes of action, which allegations they admit upon information and belief.

For a second defense:

I. Further answering the two alleged causes of action set out in the complaint, and as a further defense thereto, these

defendants allege that, at some time about the date set out in the complaint, these defendants, without any consideration to them or either of them, executed a contract of guaranty for the benefit of the plaintiff and guaranteeing the payment of a certain sum of money by their codefendant, A. S. Stephens, to the plaintiff, provided the plaintiff should carry out certain agreements, stipulations, and provisions agreed upon between the plaintiff and A. S. Stephens. However, these defendants have no information sufficient to form a belief as to whether the form of contract attached to the complaint is a correct copy of the contract executed by these defendants, which contract they, therefore, deny and demand strict proof thereof.

II. That, upon information and belief, they allege that the said A. S. Stephens has paid to the plaintiff practically all, if not all, of the amount guaranteed by these defendants, and that nothing, or practically nothing, is now due thereon.

For a third defense:

I. Some time during the latter part of the year 1921, the plaintiff and the defendant, A. S. Stephens, entered into a contract, by the terms of which the plaintiff was to ship and deliver to the defendant, A. S. Stephens, certain articles of merchandise from one of plaintiff's regular shipping points; such shipments of merchandise to be made only as same might be reasonably required by the said A. S. Stephens for sale in the territory allotted to him.

II. That thereafter, as these defendants are informed and believe, the plaintiff shipped to the said A. S. Stephens merchandise from time to time, and in unreasonable quantities, and more than the said A. S. Stephens could reasonably and properly dispose of and sell in the said territory allotted to him.

III. That the plaintiff before, during and after shipping such merchandise, with the purpose and intent of defrauding these defendants as alleged guarantors, urged, persuaded,

and fraudulently induced the said A. S. Stephens to dispose of said merchandise in any way and by any means possible, either by selling it on credit without regard to the financial responsibility of the persons to whom he might sell same, and, where he could not induce people to buy such merchandise on credit, to leave same with them on any terms so as to get rid of same, and to get rid of it in all events. The purpose and intent of the plaintiff in these inducements and persuasions was to induce the said A. S. Stephens to get rid of as much of the merchandise as possible, and in any way possible, so that plaintiff might fraudulently collect for such merchandise from these defendants under their alleged contract of guaranty.

IV. That, when shipping this merchandise to the said A. S. Stephens and urging him and persuading him to dispose of same in the manner above set forth, the plaintiff knew, or should have known, that the said A. S. Stephens would not be able to collect for such merchandise so sold or disposed of by him. That, as a result of such persuasion and fraudulent inducements, the said A. S. Stephens sold a considerable part of such merchandise on credit to irresponsible parties, and for which he was never able to collect the purchase price: that a great part of such merchandise as a result of such inducements and persuasions on the part of the plaintiff was placed or left by the said A. S. Stephens with irresponsible parties at plaintiff's request, which he never was able to collect, and which the plaintiff refused to credit the account of the said A. S. Stephens. That, because of his inability to sell or collect for the merchandise so disposed of by the said A. S. Stephens, he was unable to pay the plaintiff for all of the merchandise shipped him by the plaintiff, which failure and default on the part of the said A. S. Stephens was brought about by the false and fraudulent statements, inducements, and persuasions on the part of the plaintiff, and but for which the said account

would never have been made by the said A. S. Stephens, and that these defendants are not liable or responsible under any alleged contract of guaranty for the indebtedness of the said A. S. Stephens to the plaintiff.

*Mr. Joe P. Lane,* for appellants, cites: *As to fraud:* 12 R. C. L., 229–232; 34 L. R. A., 1036.

*Messrs. Gibson & Muller,* for respondent, cite: *No fraud:* 26 C. J., 1065, 1097; 9 Enc. P. & P., 695; 115 U. S., 228.

March 16, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal by the guarantors upon a sales contract from an order of his Honor, Judge Dennis, refusing to allow an amendment to the defendants' answer.

The complaint states a cause of action for goods sold and delivered to the defendant, A. S. Stephens, under a written contract, the faithful performance of which by A. S. Stephens was guaranteed by the defendants, A. T. Stephens and B. L. Altman. The unpaid balance is alleged to be $533.48.

The gist of the proposed amendment is that the plaintiff, in order to get rid of its goods and to saddle the cost upon the guarantors, fraudulently induced the principal to dispose of the goods in any way and by any means possible, either by selling them on credit, without regard to the financial responsibility of the persons to whom he might sell, or by leaving the same with parties who would not buy, the plaintiff being protected by the contract from the obligation to give the purchaser credit therefor.

His Honor, the Circuit Judge, refused the motion to amend upon the ground that the facts proposed to be set up in defense against the liability of the guarantors were not sufficient to constitute a defense. This ruling takes the matter out of the operation of the general rule

that in the matter of amendments the discretion of the Circuit Judge will not be interfered with, except in case of the plain abuse of that discretion. It becomes a question of law, and the refusal is appealable.

ˈ We think that the facts alleged, if established, would constitute a defense against the liability of the guarantors, and that the amendments should have been allowed.

Order reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.