13749

OSWALD v. HUGGINS *ET AL.*

(172 S. E., 430)

*Messrs. B. Allston Moore* and *Huger, Wilbur, Miller & Mouzon,* for appellant,

*Messrs. Reynolds & Reynolds,* for respondent,

January 9, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced November 5, 1932, in the Court of Common Pleas for Williamsburg County by G. D. Oswald, Jr., as plaintiff, against the defendant O. G. Huggins, is for the foreclosure of a certain chattel mortgage

executed by the defendant O. G. Huggins unto E. A. Hamilton, given as security to the payment of a certain note executed by the said O. G. Huggins unto he said E. A. Hamilton, and alleged to have been transferred for value before maturity unto the plaintiff. The defendant O. G. Huggins, in due course, filed an answer in the cause admitting, in effect, all of the material allegations of the complaint, except as to the alleged assignment of the papers unto the plaintiff for value before maturity, and stated that he did not have sufficient information to form a belief as to the truth of this allegation made by the plaintiff. Thereafter, Daniel Blake, on petition presented to the Court, was allowed to intervene in the cause and to serve an answer and set up a counterclaim regarding his alleged interest in the property described in the mortgage in question. To this answer and counterclaim the plaintiff, G. D. Oswald, Jr., and the defendant O. G. Huggins filed reply. The plaintiff, G. D. Oswald, Jr., subsequently gave notice of a motion before Honorable P. H. Stoll, Judge of the Third Circuit, at his chambers, Kingstree, S. C., to strike out the answer and counterclaim of the defendant Blake as sham and frivolous and, also, upon the ground that the said allegations interposed by the defendant Blake were irrelevant and redundant.

Upon the hearing in the cause by Judge Stoll, his Honor sustained the motion of the plaintiff and ordered the answers, counterclaim, and reply of the defendants stricken out as "sham, frivolous, irrelevant and redundant"; and, also, ordered judgment for the plaintiff against the defendant O. G. Huggins on the note in question for the sum of $500.00 as principal and interest and attorneys' fees thereon, aggregating the sum of $603.50, and, also, for the costs in the action. In the said order, his Honor, also, directed that in case the said judgment was not paid within fifteen days from the date of the said order, "or in case of appeal by any of the parties hereto, then within fifteen days from the final determination if said order is upheld," that the sheriff

of Williamsburg County should seize the property covered by the mortgage and sell the same after legal notice and apply the proceeds to the satisfaction of the debt involved.

From the said order and judgment thereon, the defendant Blake has appealed to this Court. In our opinion the pleadings raised material issues, and, therefore, should not have been stricken out, but evidence should have been received as to the truth of the same.

The judgment is therefore reversed, and the case remanded for a new trial.

Mr. Chief Justice Blease, Messrs. Justices Stabler and Bonham, and Mr. Acting Associate Justice W. C. Cothran concur.