## 13857

### MORRIS v. LAIN

(174 S. E., 590)

Before MANN, J., Bamberg, March, 1933.

*Mr. E. H. Henderson,* for appellant,

*Messrs. Kearse & Kearse,* for respondent,

May 28, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The respondent, as grantee of Mrs. Creech, grantee of O. B. Lain, since deceased, brought this action against the executrix of Lain's estate for the breach of the warranty contained in a deed of certain premises, conveyed in fee simple by Lain to Mrs. Creech. He alleged that at the time of the conveyance by Lain, with warranty, of the premises to Mrs. Creech, the lands conveyed were subject to a mortgage, executed by Lain to Mrs. Starr; that the mortgage debt not having been paid, Mrs. Starr caused the mortgage to be foreclosed, the premises sold, and the result was the eviction of the respondent from the premises. He asked as damages the amount of $3,500.00, the purchase price of the lands when they were sold by Lain to Mrs. Creech, with interest thereon from the date of the eviction. The complaint was not verified.

In defense, the appellant, in her unverified answer, interposed a general denial. In addition, she set up six other defenses.

As a second defense, she alleged that the land conveyed by her testator to Mrs. Creech was a part of a large tract, and that the other part had been conveyed by Lain to Goodwin, upon the understanding and agreement on the part of the grantor and Goodwin that Goodwin would pay and discharge the Starr mortgage, covering the entire tract of land; that the testator's grantee, Mrs. Creech, and the respondent, the subsequent grantee, knew of the agreement between Lain, Goodwin, and Mrs. Starr, and consented that the warranty of Lain in his deed to Mrs. Creech should not covenant against the Starr mortgage.

In the third defense, it was alleged that the covenant contained in the warranty of Lain to Mrs. Creech was a personal one, not running with the land, and the same did not inure to the benefit of Mrs. Creech's grantee, the respondent.

In her fourth defense, it was alleged that the cause of action, if any, of the respondent was barred by the Statutes of Limitation, since it had not been instituted within a period of six years of the time of the execution of the deed of Lain to Mrs. Creech on November 21, 1924.

The fifth defense averred that the respondent, Morris, had executed to his grantee, Mrs. Creech, a mortgage on the lands conveyed by her to him to secure the payment of the sum of $3,100.00; that at the time the answer was filed, there was due on that mortgage debt $1,391.52, with interest from February 1, 1932, and if the respondent had suffered any damages by reason of the warranty involved, the same should be reduced by the amount due by him on the Creech mortgage.

As a sixth defense, the appellant alleged that in the action involving the foreclosure of the Starr mortgage, at the special instance of the respondent, it was provided that the lands conveyed by Lain to Goodwin should be sold first, and the

lands later conveyed by Lain to Mrs. Creech should be sold last, and that the sale was had in that manner; that after the application to the Starr mortgage of the amount received from the sale of the Goodwin tract, there was due on that mortgage a balance of only $738.66, which amount the respondent could, and should, have paid, which would have redeemed the tract conveyed to him from the lien of the Starr mortgage, and if the respondent had suffered any damages by reason of the involved warranty, the amount did not exceed the sum of $738.66.

As a seventh defense, it was alleged that the value of the tract of land conveyed to the respondent at the time of the sale thereof, under the Starr mortgage, and at the time of the respondent's eviction, was the sum of $1,000.00, and that the damages to the respondent, if any, on account of the breach of the warranty, could not exceed the sum of $1,000.00.

By motion, duly noticed, the respondent moved, first, to strike out the entire answer of the defendant, and, failing in that effort, then to strike out each and every defense interposed, on the grounds that the entire answer, and each of the defenses contained therein, were sham, frivolous, and irrelevant. In support of the motion, he submitted the pleadings in the cause, the deed of conveyance from Lain to Mrs. Creech, the deed from Mrs. Creech to the respondent, the letters testamentary issud to Mrs. Lain as executrix of the will of her husband, and affidavits of the respondent and Mrs. Creech, in effect, denying that there had been any agreement whereby the warranty in the deed of Lain to Mrs. Creech was not to covenant against the Starr mortgage. On the hearing of that motion, the appellant offered testimony of witnesses, taken in the foreclosure suit of the Starr mortgage, tending to show that Mrs. Creech had purchased the tract of land from Lain with the understanding and agreement that the part of the land sold to Goodwin should stand for the payment of the Starr mortgage, and that the land

sold to Mrs. Creech should not be liable for that obligation; that Mrs. Starr consented to this arrangement, and that the respondent, when he purchased his tract of land from Mrs. Creech, had full knowledge of the agreement and consented thereto; and that Goodwin made several payments on the Starr mortgage. This testimony came from Mrs. Starr, Goodwin, Mr. Creech, a brother-in-law of Mrs. Creech, who oftentimes looked after her affairs, and from the respondent.

His Honor, Circuit Judge Mann, who heard the motion, refused to strike out the entire answer, leaving therein the first defense, which interposed a general denial; but he did strike out the other defenses. The reasons he gave for his order were his examination of the written instruments introduced at the hearing, the failure of the appellant to offer affidavits counter to those submitted for the respondent, and the fact that the appellant's answer was not verified.

At the trial of the cause, the respondent offered evidence in support of the allegations of his complaint, and there was no evidence submitted for the appellant; she not being allowed, of course, to present evidence in support of her special defenses. The result was a directed verdict in favor of the respondent for the full amount claimed by him.

The appeal here involves the correctness of the order of the Circuit Judge on the motion to strike out the six defenses of the appellant.

Since, under the view we have, the case must go back for a new trial, or such further proceedings as may be proper, we do not think we should enter into a discussion of the facts of the case, or express an opinion as to the legal questions involved, only so far as it is absolutely necessary to state the holdings of this Court.

In *Burkhalter v. Townsend*, 139 S. C., 324, 138 S. E., 34, the late Mr. Justice Cothran, speaking for this Court, went quite thoroughly into the matters of striking out answers, and defenses contained therein, on the grounds that the same were sham, frivolous, and irrelevant.

Among the things there said was one to the effect that the power of the Court to strike out an answer as sham will be very sparingly exercised, and only where the pleading is manifestly false, interposed to delay and defeat the plaintiff's action, and only in cases free from doubt. Another holding in the case was to the effect that a motion to strike out an answer, or a defense, on the ground that it was sham or irrelevant, was not intended to take the place of a demurrer, on the ground that the answer, or the defense interposed, did not set up a proper legal defense.

We are content to follow the very clear holdings of the *Burkhalter case.*

Perhaps, some of the defenses interposed here were subject to demurrer. As to others, the respondent may have properly made a motion to require that the allegations be made more definite and certain.

As to the facts, about which the affidavits of the respondent, and the evidence taken in the former trial, submitted by the appellant, centered, there was such conflict, which, ordinarily, a trial Judge should not decide on a motion to strike out an answer, or a defense therein, on the ground that it is sham.

The case may contain, too, it now appears, some interesting legal questions. These should be determined on the hearing of a proper demurrer, or in a trial of the cause.

It is our opinion that the order, appealed from, should be reversed, which necessarily results in the reversal of the directed verdict and judgment in favor of the respondent, and the remanding of the case for such further proceedings as shall be proper. It is so ordered.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.