15490

ETIWAN FERTILIZER COMPANY v. JOHNS ET AL.

(24 S. E. (2d), 74)

December, 1941.

*Messrs. Searson & Searson,* of Allendale, and *Mr. T. M Boulware,* of Barnwell, Counsel for Appellants,

*Messrs. Legge & Gibbs,* of Charleston, *Mr. H. L. O'Bannon* of Barnwell, and *Mr. J. Wesley Crum* of Denmark, Counsel for Respondent,

January 18, 1943.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE:

Appellants seek the reversal of an order of the Circuit Court striking out as sham and frivolous their answer and counterclaim, and awarding judgment to the plaintiff on the pleadings.

This action was commenced on June 10, 1938, by Etiwan Fertilizer Company against the defendants, W. R. Johns, as principal, and Elizabeth O. Johns, endorser, on a promissory note for the original amount of $10,899.20, plus interest and attorneys' fees, less certain admitted payments. The maximum amount now involved is $2,450.18. The cause was held in abeyance by agreement in writing, under which several extensions of time were granted the defendants to plead—until March 15, 1941. In the interim, the defendants made several substantial payments upon the indebtedness. The following provision is incorporated in the written agreement referred to: "And it is specifically understood and agreed between the respective parties to this agreement, that, by the execution thereof, the said W. R. Johns does not waive any defenses which he may, in any way, have to the said note."

Before the expiration of the time granted within which to plead, answer or demur, the defendants filed an answer and counterclaim which under the order of the Court was later amended, so that we here deal with the amended answer and counterclaim.

Within due time after the service of this pleading, the plaintiff moved for an order striking out the answer and counterclaim, and for judgment, "upon the ground that said answer and counterclaim is sham and frivolous, and stated no defense." The motion came on to be heard before the Circuit Judge upon the pleadings in the case, the affidavits and certain exhibits offered by the plaintiff, and counter affidavits offered by the defendants. The Court, without specifically holding that the amended answer and counterclaim was sham and frivolous, concluded that, "plaintiff is entitled to the order moved for;" awarded judgment as prayed for in the complaint; and directed that the amended answer and counterclaim be stricken out.

The first ground of appeal to be noticed is: May any counterclaim be stricken as sham? We answer this question in the affirmative.

Section 470, 1942 Code, provides that "sham and irrelevant answers and defenses may be stricken out on motion." Section 457 provides that "The only pleading on the part of the defendant is either a demurrer or an answer;" and Section 467, that "The answer of the defendant must contain: (1) * * * (2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

It explicitly appears from the foregoing sections of the Code that a counterclaim must be incorporated in an answer. It would make no difference if a portion of this answer be treated as a counterclaim, as the Code provision is directed not only against sham and irrelevant defenses, but to answers as well, and the counterclaim must be considered as a part of the answer. Any other construc-

tion would permit a defendant to evade the consequences of the statute and delay judgment, by interposing sham counterclaims instead of sham defenses. The practice of striking out counterclaims on the ground of being sham, irrelevant, and frivolous, has been consistently followed in this State. *Swift & Co. v. Cook,* 197 S. C., 454, 15 S. E. (2d), 773; *Oswald v. Huggins,* 171 S. C., 419, 172 S. E., 430; *Germofert Mfg. Co. v. Castles,* 97 S. C., 389, 81 S. E., 665; 49 C. J., Section 988, page 699; 49 C. J., Section 993, page 702.

Appellants contend that this answer and counterclaim should not have been stricken out as sham. A determination of this question requires an examination of the pleading.

The answer and the counterclaim are substantially identical in language. It is alleged that prior to the execution of the note set out in the complaint, the defendant W. R. Johns and the plaintiff entered into an agreement, partly oral and partly in writing, the written portion consisting of a contract known as a fertilizer agency contract. That under the terms of the oral contract and the written contract, the defendant Johns undertook the sale of fertilizers to be furnished him by the plaintiff, and on May 15, 1937, executed in favor of the plaintiff the promissory note in question, which was endorsed before delivery by the defendant Elizabeth O. Johns. It is alleged that under the terms of these agreements large discounts and adjustments to which the defendant Johns was entitled, were left open, the amounts of which at the date of the execution of the note had not been, and could not be determined until later in the Summer; and it was agreed between the parties that these credits would be later given. That in addition thereto the defendant Johns would be credited in such amounts as were necessary to have the note reflect the correct prevailing price of the fertilizer.

It is also alleged that the defendant would be given credit and an adjustment for the equalization of prices prevailing

in the fertilizer market at the close of the 1937 fertilizer season, which is a trade custom followed by plaintiff and all other leading fertilizer manufacturers. The defendants allege that none of these things were done, and that without such agreement and the belief that it would be complied with, they would not have executed the note. Affidavits submitted by the plaintiff upon the hearing in the lower Court, deny all of these allegations; deny that the amount stated in the note did not reflect the correct price of the fertilizer; and further allege that prior to the execution of the note a statement of the fertilizer account was delivered to the defendant Johns; that Johns acknowledged the correctness of it, and executed the note. The plaintiff likewise denied making any verbal agreement with Johns.

A counter affidavit submitted by the defendant re-alleged that the statement prepared by the agent of the plaintiff did not reflect the true indebtedness of the defendant because of the large discounts and adjustments left open for later determination; and that it was definitely understood and agreed, between the plaintiffs agent and the defendant Johns, that all of these matters would be later ascertained and credited on the note, which, it is stated, was executed in order to expedite the plaintiff's financing. The defendant further set forth in his affidavit that he has in his possession figures in the handwriting of plaintiff's agent and acquiesced in by the plaintiff, which he will be ready to prove at the trial in substantiation of his answer and counterclaim. He specifically denied the statement in the agent's affidavit that no verbal agreement had been entered into.

A sham answer is one good in form, but false in fact, and not pleaded in good faith; being a mere pretense, set up in bad faith and without color of fact. Bliss, Code Pl., page 645 (note 162). The motion to strike out an answer as sham presents a question of fact to be determined by the Court upon affidavits, or in such manner as the Court may direct. *Union Guano Co. v. Garrison.*

130 S. C., 404, 126 S. E., 133; *Germofert Mfg. Co. v Castles,* 97 S. C., 389, 81 S. E., 665; *Bank v. Fripp,* 101 S. C., 185, 85 S. E., 1070; *Interstate Chemical Corp. v. Farmington,* 100 S. C., 196, 84 S. E., 710. The plaintiff who moves to strike out an answer, good in form, as sham, is skating upon very thin ice, in view of the right of the defendant to have the issues of fact tried by a jury and not upon affidavits. The rule adopted by this court is that the power will be very sparingly exercised, and only where the pleading is manifestly false, interposed to delay and defeat the plaintiff's action, and only in cases free from doubt. *Burkhalter v. Townsend,* 139 S. C., 324, 138 S. E., 34; *Morris v. Lain,* 172 S. C., 549, 174 S. E., 590; and *Ransom v. Anderson,* 9 S. E., 438.

The motion to strike out a pleading or defense as sham is not looked upon with favor, and will be granted only where the falsity clearly appears, since the truth or falsity of a pleading is ordinarily to be tried by a jury, with full opportunity for producing, examining, and cross examining, witnesses. 31 Cyc., 628; *Burkhalter v. Townsend, supra.*

It does not appear, in view of the conflicting affidavits, that the counterclaim has not been pleaded in good faith, or that it has been set up as a mere pretense. We cannot say that its alleged falsity or its sham character is so manifest as to be free from doubt. Nor does it appear that the counterclaim is without some factual support. In our view it is not demonstrably false.

Is the answer and counterclaim frivolous?

In *Winn v. Waring,* 2 Brev., 428, it is said: "Pleas, which may be rejected as frivolous, must be such as are impertinent, or nonsensical—trifling with the dignity of the court, and the majesty of the law; such pleas, on which no serious question of fact or law can properly arise. * * * If it appear to be, at first blush, a material plea, and has form, it cannot be rejected as frivolous. The plaintiff, if he chose to question the legal effect, or pro-

priety, of the replication, might have demurred to it, and thus have brought the question of law before the court, upon the record."

"Such a plea is, perhaps, better described to be, where, taking every fact stated in it to be true, still it is plain, without reference to reason or authority, that no defence to the action is made, and if issue be taken on it, that would be immaterial." *Gray v. Gidiere,* 4 Strob. Law 438. And see 41 Amer. Jur., Section 50, page 322.

It is not necessary for the Court to say that the pleading is beyond all doubt a good defense. It is enough to say that it is not frivolous.

As to the failure to state facts sufficient to constitute a defense: This is a matter which could be taken advantage of by a demurrer, and not by a motion to strike. *Burkhalter v. Townsend, supra*; *Germofert Mfg. Co. v. Castles,* 97 S. C., 389, 81 S. E., 665; *Morris v. Lain,* 172 S. C., 549, 174 S. E., 590; *Gray v. Gidiere,* 4 Strob., Law 438; *Winn v. Waring,* 2 Brev., 428.

As was said in *Adams v. Jackson,* 106 S. C., 544, 91 S. E., 863, 864, in passing upon similar questions, wherein it was held that the defendant was entitled to a jury trial: "It may work a hardship in some cases, but it would work a worse hardship in a number of cases and impede the administration of justice to strike out as sham, irrelevant, and false an answer upon affidavits submitted to the presiding judge." This should be done only in cases free from doubt.

In support of his order, the Circuit Judge cited *Fairly v. Wappoo Mills,* 44 S. C., 227, 22 S. E., 108, 114, 29 L. R. A., 215. In that case the plaintiff gave notice that on the trial of the case he would move to strike out the first, second, and third defenses set up in the answer, upon the ground that the allegations therein made do not state facts sufficient to constitute either a defense or counterclaim, and also for judgment by default. The Court said: "While the controversy presented by this appeal arose upon the motion

to strike out the several defenses set up in the answer, it is practically nothing more nor less than a demurrer to the answer, and will be so considered."

In *Fairly v. Wappoo Mills, supra,* the Court proceeded to hold that evidence of custom and usage alleged in the answer is not admissible to explain or vary the terms of an express contract, unambiguous in its terms.

Another case cited in support of the order below is that of *Coates & Sons v. Early,* 46 S. C., 200, 24 S. E., 305, which holds that it is not competent to explain by parol the terms of a plain written order for goods, by showing the custom of many merchants in ordering that class of goods.

And another case is that of *Armour Fertilizer Works v. Hyman,* 120 S. C., 375, 113 S. E., 330, wherein it was held proper to exclude testimony to vary a written contract as to the usages of trade and as to commissions to be allowed a purchaser. Testimony of this character was deemed inadmissible because it tended to contradict or vary the terms of a valid written instrument. To the same effect is *Asbill Motor Co. v. Chaplin,* 120 S. C., 211, 112 S. E., 921, and *Stalnaker v. Tolbert,* 121 S. C., 437, 114 S. E., 412.

But in none of the foregoing cases did the Court deal with a motion to strike a pleading on the ground that it was sham and frivolous. It may be that the principle announced in the cases hereinabove mentioned will be invoked when the case at bar is tried, upon the admission or exclusion of evidence, but they have no pertinency to the question immediately under consideration.

The judgment of this Court is that the order of the Circuit appealed from be reversed, and the case remanded for trial.

Judgment reversed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker and Stukes, and Circuit Justice G. Dewey Oxner, Acting Associate Justice, concur.