## 15535

J. R. WATKINS COMPANY v. JAILLETTE *ET AL.*

(25 S. E. (2d), 478)

November, 1942.

*Mr. R. C. Weathersbee,* of Ridgeland, S. C., Counsel for Appellants,

*Mr. Heber R. Padgett,* of Walterboro, S. C., Counsel for Respondent, 

May 1, 1943.

CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

The complaint in this action alleged that the appellants and one Wm. M. Jaillette entered into a written agreement whereby Jaillette was to buy certain goods manufactured by the respondent, and that in order to insure payment for the goods purchased, the appellants signed as sureties with Jaillette. To the complaint was attached a copy of the contract involved, together with a verified and itemized statement of the alleged indebtedness.

The defendant Jaillette did not answer and judgment by default was entered against him for the sum of five hundred seventy-eight and 09/100 dollars.

The appellants filed an answer. After proper notice, the respondent moved before Hon. T. S. Sease, presiding Judge, at Ridgeland, S. C., on November 16, 1942, for an order striking the answer of appellant as sham, said motion being based upon the pleadings, the original contract, an acknowledgment of the appellant G. R. Cleland and an affidavit of Wm. M. Jaillette, and a certificate of Heber R. Padgett, Esq., that judgment had been entered against the defendant Jaillette.

The acknowledgment of G. R. Cleland was to the effect that he had authorized the signing of his name to the contract as surety. Likewise, the affidavit of Wm. M. Jaillette was to the effect that he had signed the contract.

By order of Judge Sease the answer of H. M. Phillips and G. R. Cleland was stricken as sham, and judgment given against the appellants for the sum of five hundred seventy-eight and 09/100 dollars.

The appellants seek reversal of Judge Sease's order striking out as sham their answer, and awarding judgment to the respondent on its complaint.

"The motion to strike out a pleading or defense as sham is not looked upon with favor, and will be granted only, where the falsity clearly appears, since the truth or falsity of a pleading is ordinarily to be tried by a jury, with full opportunity for producing, examining, and cross-examining, witnesses." *Etiwan Fertilizer Co. v. Johns et al.*, 202 S. C., 29, 24 S. E. (2d), 74, 76.

"A sham answer is one good in form, but false in fact, and not pleaded in good faith; being a mere pretense, set up in bad faith and without color of fact." *Id.*

"The rule adopted by this Court is that the power will be very sparingly exercised, and only where the pleading is manifestly false, interposed to delay and defeat the plaintiff's action, and only in cases free from doubt." *Burkhalter v. Townsend,* 139 S. C., 324, 138 S. E., 34, 36.

An examination of appellants' answer discloses that it sets up the same defenses as was set by the defendants in *J. R. Watkins Co. v. Stephens et al.,* 144 S. C., 125, 142 S. E., 245, 247. In that case the defendants moved before Judge Dennis for an order allowing them to amend their answer. The motion was refused.

On appeal to this Court Judge Dennis' order refusing to allow the amended answer was reversed, this Court saying, "that facts alleged, would constitute a defense against the liability of the guarantors, and that the amendments should have been allowed."

The proposed amended answer in the case of *Watkins v. Stephens et al.,* sets up the identical defenses as was set up by the defendants in the instant case. If the answer alleges facts, which if established would constitute a defense against liability, as held in *Watkins v. Stephens et al.,* then it logically follows that the defenses set up in appellants' answer should not have been stricken as sham.

·The fact that the defendant Jaillette did not answer and allowed judgment against himself by default does not change the status. If the other defendants by their answer stated facts which if proven would constitute a defense against liability, the fact that a codefendant defaulted could not in itself make the answer sham.

Judgment reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.